158      319
169      685

CARROLL, Executor, Appellant, v. REID, Administrator.

### Division One, November 12, 1900.

**Will Contest:** APPEAL WITHOUT BOND: SUPERSEDEAS. The administrator *pendente lite*, appointed to take charge of the estate during the pendency of a contest over the will, holds while such contest lasts, and such contest is not ended by a judgment sustaining the will and an appeal without bond to the Supreme Court, but lasts until the contest is settled there, and no bond is required to give such appeal the effect of a *supersedeas*.

Appeal from Boone Circuit Court.—*Hon. Jno. A. Hockaday, Judge.*

AFFIRMED.

*Odon Guitar, N. T. Gentry* and *Wellington Gordon* for appellant.

(1) The administrator *pendente lite* is a temporary receiver; and the failure of the contestants to give a supersedeas bond in the will case had the effect of restoring the testator's property to the executor. State ex rel. v. Woodson, 128 Mo. 497; State ex rel. v. Hirzel, 137 Mo. 435; State ex rel. v. Klein, 137 Mo. 673; State ex rel. v. Dillon, 98 Mo. 90. (2) The question of supersedeas and stay of execution are now regulated by our statute, and judgments of circuit courts are in no manner affected by an appeal, except in so far as they are suspended by appeal bonds. Railroad v. Atkison, 17 Mo. App. 484; R. S. 1879, sec. 3713; R. S. 1889, sec. 2249; R. S. 1899, sec. 809; Burgess v. O'Donoghue, 90 Mo. 299; State ex rel. v. Gates, 143 Mo. 63; Bank v. Moulder, 53 Mo. App. 535. (3) An administrator

*pendente lite* is one for temporary purposes, only, as all the authorities clearly hold. 1 Bouvier's Law Dictionary; Willard on Executors 185; 1 Abbott's Law Dictionary, 32; 1 Jacob's-Fisher's Digest, 5244; 2 Cooley's Blackstone, 502; Kelley's Probate Guide, 95; Redfield on Law of Wills, 107; Woerner's Amer. Law of Admr., 181; State ex rel. v. Moehlenkamp, 133 Mo. 134; Rogers v. Dively, 51 Mo. 193; R. S. 1889, sec. 13; R. S. 1899, sec. 13; Schouler on Exrs. and Admrs., sec. 134; Williams on Executors, secs. 498-501; Hawkins v. Cunningham, 67 Mo. 415; Robards v. Lamb, 89 Mo. 303; Lamb v. Helm, 56 Mo. 420.

*C. B. Sebastian* and *Webster Gordon* for respondent.

All the errors alleged by appellant were passed upon by this court in banc at its last session in the well-considered case of the State v. Guinotte, 156 Mo. 513, and ruled adversely to appellant's contention.

VALLIANT, J.—This cause originated in the probate court of Boone county; was taken by appeal to the circuit court, and thence to this court by appeal. It is a controversy between the plaintiff, appellant, who is the executor nominated in the will of John Carlisle, deceased, and defendant, respondent, who is the administrator *pendente lite* of that estate while a contest goes on over the will. The facts are that the will was duly admitted to probate in the probate court, and Carroll qualified as executor. Then one of the heirs at law filed suit in the circuit court contesting the validity of the will. Upon the trial of that cause there was a verdict and judgment that the paper writing in question was the last will and testament of John Carlisle deceased. The plaintiff in that suit appealed from that judgment to this court and the cause is now pending here. No appeal bond was given

in that case. After the appeal had been taken, a copy of the judgment of the circuit court properly certified was filed in the probate court by the executor, appellant here, who also filed a petition in that court of which due notice to defendant was given, asking the court to require the administrator *pendente lite* to deliver the estate into his hands as executor under the will. The probate court heard the petition and refused to make such order, whereupon the executor appealed to the circuit court, where the matter came on for trial, and that court concurred in the view the probate court had taken and refused to grant the prayer of the petition, whereupon the petitioner took this appeal and the cause is now here for review. It is admitted that there is over $8,000 involved in the controversy.

The whole of appellant's contention, though discussed under different heads, is reducible to one proposition, viz.: that the verdict and judgment in the will contest case was the end of that contest, and the appeal without bond did not have the effect to suspend the judgment; and hence the term for which the administrator *pendente lite* was appointed had expired and the executor named in the will was entitled to have the estate restored into his keeping.

That same proposition has recently received very careful consideration by this court and a decision was reached adverse to the view now urged by appellant. [State ex rel. v. Guinotte, 156 Mo. 513.] It was in that case decided that section 13, Revised Statutes 1889, which is: "If the validity of a will be contested .... letters of administration shall be granted during the term of such contest," meant that the administrator so appointed should hold while the contest lasted and that the contest lasted while the appeal from the circuit court in such case was pending, and that no bond was required to give the appeal the effect of a supersedeas. Whilst

that opinion was not concurred in by all the members of the court, and the writer hereof felt constrained to dissent from the conclusion reached, yet it was concurred in by the majority of the court and is now the law on that subject. The judgment of the circuit court in the case at bar was in accord with that view, and is therefore affirmed. All concur.