# UNION TRUST COMPANY, Administrator Pendente Lite, Appellant, v. SODERER et al.

### Division One, February 18, 1903.

1. **Administration:** SUIT FOR PERSONAL PROPERTY: PLEADING. A petition by the administrator *pendente lite* charging that the executrix turned over to trustees under the will personal property of the value of $5,800, without stating what said personalty consisted of, does not tender an issue entitling such administrator to recover such property from the trustees. There is no such description of the property as would support a judgment.

2. ———: ———: ADMINISTRATOR PENDENTE LITE. An administrator *pendente lite* has no greater power than a regular administrator, and no more comprehensive title. He is to do, while his office lasts, whatever an administrator should do to protect the interests of the estate for those who are entitled to its benefits, no more, no less.

3. ———: ———: ———: RIGHT TO RENTS. Neither an administrator *pendente lite* nor the regular administrator has any authority over the real estate of decedent, or to the rents arising therefrom, unless there is an insufficiency of personalty to pay the debts, and an order of the probate court, reciting that fact, directing him to take control of the real estate and use it to pay allowed demands.

Appeal from St. Louis City Circuit Court.—*Hon. Wm. Zachritz,* Judge.

AFFIRMED.

*Joseph W. Lewis* for appellant.

(1) When proceedings are instituted to contest the validity of a will, and an administrator *pendente lite* is appointed by the probate court, it is the duty of such administrator to take possession of the personal property of the estate and to care for same until the termination of the litigation. The petition in this case states that the defendants were in possession of certain personal property of the estate of Alois Soderer and

had refused, upon proper demand, to deliver same to plaintiff, the administrator *pendente lite* of said estate. The circuit court, therefore, committed error in sustaining the demurrer to the petition, for, by doing so, it held that an administrator *pendente lite* is not entitled to the possession of the personal property of the estate. R. S. 1899, sec. 13; Hawkins v. Cunningham, 67 Mo. 415. (2) An administrator *pendente lite,* appointed by the probate court pending proceedings contesting the validity of a will, occupies the position of a receiver, and it is his duty to take possession of and to care for all the property of the estate, real as well as personal. R. S. 1899, sec. 13; Smith on Receivers, p. 527; 1 Woerner on Administration, sec. 181; 3 Redfield on Wills (2 Ed.), p. 108; Schouler on Executors and Administrators (3 Ed.), sec. 34; Crosswell on Executors and Administrators, sec. 222; Lamb v. Helm, 56 Mo. 420; Hawkins v. Cunningham, 67 Mo. 415; In re Estate of Soulard, 141 Mo. 642; In re Calvin, 3 Md. Ch. 278; Libby v. Cobb, 76 Maine 471.

*H. A. Loevy* and *Geo. W. Lubke* for respondents.

Section 13, Revised Statutes 1899, does not authorize an administrator *pendente lite* voluntarily to take possession of real estate and collect rent from tenants, or give him more extensive powers than an executor or administrator has in a case where the will is not contested: (a) The statute is in terms confined to personalty and specifically excludes realty. R. S. 1899, sec. 13. (b) The words "and property" in phrase "money and property" are *ejusdem generis.* St. Louis v. Laughlin, 49 Mo. 559; State v. Bryant, 90 Mo. 534; State v. Schuchman, 133 Mo. 11; State v. South, 136 Mo. 673; State v. Krueger, 134 Mo. 262; State v. Watson, 141 Mo. 340; Bramell v. Adams, 146 Mo. 70; State ex rel. v. Trust Co., 144 Mo. 562; Neet Case, 157 Mo. 533; Black, Interp. Stats., p. 142; Endlich Ib., p. 570; 108 N. Y. 149; State v. Ennis, 79 Mo. App. 12; Knox City v. Thompson, 19 Mo. App. 523; Joplin v. Leckie,

78 Mo. App. 8; McCutcheon v. Railroad, 72 Mo. App. 271; Bersch Case, 83 Mo. App. 665. (c) Realty goes to the heirs, and an executor or administrator can not lawfully take charge of it without an order of the probate court. R. S. 1899, sec. 130; Bank v. Field, 156 Mo. 310. The powers and duties of an administrator *pendente lite* are very limited and rest entirely upon the statute.

*Joseph W. Lewis* for appellant in reply.

(1) The rule of construction known as *ejusdem generis,* which respondent seeks to invoke, has no application in interpreting section 13, Revised Statutes 1899. The clear intent of the Legislature must prevail, and the word "property" being used in its general sense, therefore, includes both realty and personalty. Young v. Grattridge, L. R. 4 Q. B. 166; Wells v. Mabon, 48 Minn. 140; State v. Williams, 2 Strob. (S. C.) 474; Black on Interpretation of Laws, p. 143; Endlich on the Interpretation of Statutes, p. 574. (2) The Soulard case, 141 Mo. 672, is direct and conclusive in holding that an administrator *pendente lite* has full power to take possession of and to preserve the real estate, and there has been no other interpretation of section 13, Revised Statutes 1899, upon this point, either in the reports or text-books.

VALLIANT, J.—During a contest of the alleged will of Alois Soderer, the plaintiff was appointed by the probate court administrator *pendente lite* of the estate. This suit was begun in the circuit court by the plaintiff in that capacity to recover of the defendants personal property and real estate which the petition alleges belonged to the estate and came into the hands of defendants as trustees under the will.

The petition alleges that personal property of the value of $5,800 belonging to the estate, was turned over to the defendants by the executrix before the plaintiff's appointment as administrator *pendente lite,* and is now

held by them, and also several parcels of real estate which are rented and from which the defendants are collecting rents to the amount of $1,000 a month; that defendants claim the right to hold this personal property and real estate and collect their rents by virtue of the will under which they are appointed trustees; that plaintiff has demanded possession of the personal property and real estate and an account of the rents collected, but defendants have refused to render the same. The prayer is for a decree for possession, an accounting, an injunction from interfering with plaintiff's management of the estate, etc. Defendants demurred to the petition, the court sustained the demurrer and plaintiff declined to plead further. There was a final judgment for defendants, and the plaintiff appeals.

The plaintiff is of course entitled to possession of all the personal property belonging to the estate. The petition alleges that before the plaintiff's appointment the executrix turned over to the defendants personal property belonging to the estate of the value of $5,800, and that defendants still hold the same. But the petition does not state of what that personalty consisted, and therefore there is no issue tendered as to personal property. There could be no valid judgment against the defendants for personal property when the property is not described and there could be no description in the judgment if there is none in the petition. It was not error, therefore, to sustain the demurrer to the petition regarding it as a demand for personal property.

The main point in dispute, however, as we judge from the briefs before us, is as to the right of the administrator *pendente lite* to the possession of the real estate owned by the deceased at the time of his death.

All our law on the subject of the office of administrator *pendente lite,* is contained in the following statute:

Section 13, Revised Statutes 1899: "If the validity of a will be contested, or the executor be a minor, or absent from the State, letters of administration shall

be granted during the time of such contest, minority or absence to some other person, who shall take charge of the property and administer the same according to law, under the direction of the court, and account for and pay and deliver all the money and property of the estate to the executor or regular administrator when qualified to act.''

The commission that that statute authorizes to be issued is, ''letters of administration.'' Those letters are to be issued by the probate court. The duties of the person to whom the letters are issued are to take charge of the property and administer the same according to law under the direction of the probate court, and when the contest is ended to account to the executor or regular administrator, under the eye of the probate court, and pay and deliver to him the money and property of the estate. He is to all intents and purposes for the time being the administrator of the estate, neither more nor less. It is not contemplated that he will wind up and distribute the estate, but that he will collect it and hold it and make disbursements if the court so orders. But the character of his office is essentially that of an administrator of the decedent's estate, the tribunal in which he must render his accounts is the probate court, and the laws which prescribe his powers and duties are the laws of administration. He has no greater powers than a regular administrator has and no more comprehensive title. He is to do, while his office lasts, whatever an administrator should do to protect the interests of the estate for those who are entitled to its benefits. He may sue for and collect its assets, guard the estate in the matter of demands against it, and, if it appears that there will not be sufficient personalty to pay debts, he may apply to the probate court and obtain authority to take possession of the real estate and collect the rents therefrom. But an administrator *pendente lite* has no more authority to take possession of the real estate than has a regular administrator. He has nothing to do with the controversy over the will. The heir is as able to protect his inheri-

tance from the claim of a pretended devisee, while the contest over the will is on, as he is to protect it against the unjust claim of a creditor or administrator. If while the will contest is pending a controversy between the heir and one claiming to be a devisee under the disputed will arises as to the care and preservation of the real estate, the circuit court is open to either of them and is all-powerful to do what is right and best. But unless it appears to be necessary to draw the real estate into the administration for the payment of debts, the administrator *pendente lite* has no concern with it. There has been no suggestion of insufficiency of personalty and there has been no order of the probate court for plaintiff to take possession of the realty.

The learned counsel for appellant cite some decisions of this court in which there are expressions to the effect that the office of the administrator *pendente lite* is more like that of a receiver than of a general administrator. Those expressions, however, are to be understood in the light of the facts of the case then under consideration. In Lamb v. Helm, 56 Mo. 420, the widow had been appointed administratrix with the will annexed, and afterwards a contest of the will was instituted, her office was suspended and an administrator *pendente lite* was appointed. One of the questions in that case was whether the widow was entitled to be appointed administratrix *pendente lite* under the statute which gave preference to the widow to be appointed to administer her husband's estate. The court held that the statute related to the selection of one to be the general administrator of the estate and did not govern the selection of an administrator *pendente lite*. It was in that connection that the court said that an administrator *pendente lite* was more in the nature of a receiver than of a general administrator, meaning thereby that his chief duty was to hold and preserve the estate while the litigation was pending; that he was more of a custodian than a final distributor. It was never intended to say that such an administrator had like powers of a receiver in chancery. As we have seen, all the

law on the subject is contained in the brief section of the statute above quoted. We can find no authority in that for the clothing of the temporary administrator with the powers of a chancery receiver or conferring on the probate court equity jurisdiction.

In Hawkins v. Cunningham, 67 Mo. 415, to which we are referred, reference is made to allowing an administrator *pendente lite* commissions on rents collected by him. But there was no question in that case as to the right of such an administrator to take charge of the real estate. Of course, if he comes rightly into possession of the real estate, in the manner prescribed by law, he is entitled to commissions on the rents as on any other money in his hands. There is no authority in that case for the contention now made by appellant.

The strongest reliance of appellant is in certain language used in the opinion in the case of In re Estate of Soulard, 141 Mo. 672. In that case the administrator *pendente lite* had (by what authority does not appear) taken possession of the realty, managed it and collected the rents during the period of the temporary administration and in his final settlement had accounted for and paid over the rents collected and the question was, was he entitled to commissions on the rents? It was held that he was. In the opinion in that case language is used to the effect that such an administrator is in the nature of a receiver and that he has the right to take possession of all the estate, real and personal. The language is to be understood, however, as referable to the facts of the case. If it is to be considered to mean that an administrator *pendente lite* has the right, by virtue of his office, to take possession of the real estate which was owned by the decedent at the time of his death, without an order of the probate court, and when not needed to pay debts, it has not our approval.

There are no facts stated in this petition that entitle the plaintiff to take possession of the real estate mentioned therein, and therefore the court's judgment on the demurrer was correct.

The judgment is affirmed. All concur.