THE STATE ex rel. LUCINDA B. ASHTON, v. JOHN F. IMEL, Judge of Probate, Appellant.

(No. 15529.)

Division One, May 31, 1912.

APPEAL: In Prohibition: Attempt to Coerce Executrix to Surrender Property Pending Will Contest. Where a final judgment establishing the validity of a will has been rendered, an appeal from a judgment of the circuit court prohibiting the probate judge from coercing the executrix to surrender and turn over to the provisional administrator certain personal property distributed under order of court to her before a suit to contest the will had been brought, will be dismissed, since the judgment upholding the will determined that said provisional administrator no longer had any legal claim to the assets of the estate, and thereafter the controversy became a moot case.

Appeal from Buchanan Circuit Court.—*Hon. C. A. Mosman,* Judge.

APPEAL DISMISSED.

*W. E. Stringfellow* and *C. C. Crow* for appellant.

*J. A. Graham, Hugh C. Smith,* and *Fulkerson & Fulkerson* for respondent.

In view of the fact that the main case, the will contest case, has been determined for more than two years, this case may well be considered a moot case.

LAMM, J.—Prohibition. The probate court of Buchanan county having appointed Zeidler administrator *pendente lite* in the Ashton estate, as set forth in two companion cases (15528 and 15531) between the same parties, in which opinions have been handed down at this delivery (to be read with this), and having made several orders, concerning which writs of mandamus were resorted to to compel an appeal, as further set forth in those cases, went on in spite of the pendency of those mandamus suits to coerce obedience to its last order requiring Mrs. Ashton to turn over to the provisional administrator certain shares of corporate stock. To that end it was about to put her in jail under a citation for contempt. In this emergency, she exhibited a suggestion for prohibition in the circuit court, a preliminary rule issued and was served, citing the probate judge to show cause why he should not be prohibited from adjudging her guilty and punishing her for contempt. On hearing, the preliminary rule in prohibition was made permanent and he appealed. Such is the subject-matter of this case.

There is no life left in the controversy. As appears in the companion cases, the will contest ended two years ago and the merits (the right to the possession of the stock) were settled in the judgment establishing the validity of the will. The case, therefore, falls within rulings in cases numbered 15528 and 15531, and should be ruled in the same way—the applicable

precept being: Concerning similars, the judgment is the same. (*De similibus idem est judicium.*)

Let the appeal be dismissed. It is so ordered. All concur.