State ex rel. Smith v. Williams.

---

THE STATE ex rel. ALBERT F. SMITH, Administrator *Pendente Lite* of Estate of MELVILLE SMITH, et al. v. B. B. WILLIAMS, Judge of Probate Court.

In Banc, August 25, 1925.

1. **APPEAL: Will Contest: Administrator Pendente Lite: Certiorari.** The probate court, having upon a hearing determined that a suit is pending in the circuit court wherein the will of decedent is being contested and having entered a judgment appointing an administrator *pendente lite* and adjudging that the executor named in the will has no authority to act, has jurisdiction to grant to such executor an appeal from such orders to the circuit court; and *certiorari* is a proper procedure to determine the jurisdiction and authority of the probate court to grant such appeal.

2. ———: ———: **Final Judgment.** The order of the probate court suspending the executor and appointing an administrator *pendente lite,* after the filing of a petition asking for the removal of the executor, and a hearing, is a final judgment, from which the executor is entitled to an appeal.

3. **ADMINISTRATOR PENDENTE LITE: Appointment.** The Act of 1925 (Sec. 13a, Laws 1925, p. 100) limits the power of probate courts to appoint administrators *pendente lite,* and prevents the removal or displacement of the executor named in the will who has no interest in the estate other than his fees and commissions, but otherwise places in the discretion of the court the power to appoint administrators *pendente lite.*

4. **REMEDIES: Office of Different Writs: Certiorari: Prohibition: Mandamus.** *Certiorari* is available as a remedy for the undoing of a thing done without jurisdiction or in excess of jurisdiction, after it has been done. If the court did not have jurisdiction to do the act done, or if it was in excess of its jurisdiction and the act has been made a matter of record, the remedy may be a writ of *cer-*

*tiorari* to quash the record. Prohibition is the remedy where an act, beyond jurisdiction or in excess of jurisdiction, is threatened, but has not been done. If the act is only threatened, but has not been accomplished, and if done would exceed the court's jurisdiction, prohibition to prevent the doing of the act is available. If the court has jurisdiction to proceed, but refuses to proceed—if the act is one which the court ought to do, but refuses to do— mandamus to compel the court to proceed, is the remedy.

Corpus Juris-Cyc. References: **Appeal and Error,** 3 C. J., Section 406, p. 569, n. 43, p. 570, n. 44. **Certiorari,** 11 C. J., Section 1, p. 88, n. 2; Section 8, p. 90, n. 35; Section 9, p. 90, n. 40; Section 30, p. 103, n. 24; Section 47, p. 110, n. 31; Section 92, p. 133, n. 65; Section 341, p. 193, n. 48 New. **Executors and Administrators,** 24 C. J., Section 2783, p. 1171, n. 31, p. 1172, n. 36; Section 2796, p. 1177, n. 26 New. **Mandamus,** 38 C. J., Section 69, p. 590, n. 37; Section 70, p. 592, n. 42, 43. **Prohibition,** 32 Cyc., p. 603, n. 27; p. 604, n. 32.

## *Certiorari.*

WRIT QUASHED.

*Joseph Park, Franklin & Van Cleve* and *Shelton & Shelton* for relators.

(1)   When a will contest is filed it operates to oust the executor *ipso facto,* and an appeal will not lie from the order of the probate court appointing an administrator *pendente lite.* Such appointment is not a "final decision." Sec. 13, R. S. 1919; State ex rel. Hamilton v. Guinott, 156 Mo. 512; Dively, Admr. *Pendente Lite,* 51 Mo. 193; Lamb, Admr. *Pendente Lite,* 56 Mo. 420; Soulard Estate, 141 Mo. 642; Carroll v. Reid, 158 Mo. 310; McIlwrath v. Hollander, 73 Mo. 105; State ex rel. v. Moehlenkamp, 133 Mo. 134; State ex rel. v. Guinott, 156 Mo. 513; Johnson v. Brewn, 277 Mo. 397.   (2)   The remedy by *certiorari* is not restricted to cases where appeal and error will not lie. State ex rel. v. Guinott, 156 Mo. 513; State ex rel. v. Johnson, 138 Mo. App. 306; Carroll v. Reid, 158 Mo. App. 319; State ex rel. v. Hall, 282 Mo. App. 425.   (3)   The term "final decision" in clause 15, Sec. 289, R. S. 1919, does not authorize an appeal from an order interlocutory in its nature appointing a temporary administrator. 3 Words & Phrases, p. 2773; 2 Words & Phrases (2 Ed.) p. 537.   (4)   The term "judgments and orders," as used in subdivision

fourth of Sec. 2436, R. S. 1919, means final judgments and orders, else every order however insignificant would be appealable.

*E. O. Jones, John M. Campbell* and *M. D. Campbell* for W. Arthur Smith.

(1) *Certiorari* is a remedy, narrow in scope and inflexible in its character, and cannot be made to serve the purpose of an appeal or writ of error. State v. Dawson, 225 S. W. 97. It is not a writ of right, but its issuance is within the court's discretion. State v. Hall, 282 Mo. 425. This court will not issue the writ against a probate court unless such inferior court has exceeded its jurisdiction or acted in excess of its jurisdiction. (2) Counsel in argument seem to put the case to this court by saying: "Will an appeal lie from an order of the probate court appointing an administrator *pendente lite* after a will contest has been filed?" Counsel argued the case at considerable length and concluded with the delicate statement that they have refrained from alluding to the recent cases, Leahy v. Campbell, 274 Mo. 361, and Leahy v. Mercantile Tr. Co., 247 S. W. 396. Counsel also make the flattering suggestion that the question is "ably discussed" but not decided. In the case last mentioned, among other things, is said, "We do, however, contend that we have statutes which justify the probate court of St. Louis in granting the appeal from its order and judgment, suspending the letters of administration granted to the Mercantile Trust Company." The question under consideration is so fully and ably discussed in the Leahy case, supra, that we fell that further discussion is unnecessary.

GRAVES, C. J.—This is a *certiorari* case wherein it is sought to quash the record of the Probate Court of Macon County in the matter of granting an appeal to the circuit court. The petition is of great length, but it contains a great mass of matter which is wholly foreign

and irrelevant. The sole question is, whether or not the Probate Court of Macon County had the right, power and authority to grant an appeal in a pending matter, the particulars of which we shall give in detail. The judge of the Macon County Probate Court made return by certifying to this court his full record touching the matter, and having that record before us, we must cast aside all irrelevant matter in the petition upon which our writ was granted, and determine whether or not said court was within its jurisdiction when the order granting the appeal was made. Why so much extraneous matter was placed in the petition we do not know, because counsel are seasoned veterans in the practice of law. This court usually cleans the case of all trash and underbrush, and then decides the real questions.

Going to the facts, the record in the instant case, including the admissions of relators in their brief, shows as follows: That in January, 1924, one Melville Smith died in Macon county leaving a will (or purported will) by the terms of which W. Arthur Smith and Walter Wilkerson were named as executors; that Wilkerson declined to serve, but that the will was duly probated, and W. Arthur Smith qualified, and took up the administration of the estate; that later the Probate Court of Macon County, upon the petition of some heirs at law of deceased, upon a hearing upon such petition, determined that there was a suit pending in the circuit court of said county contesting said will, and thereupon entered its judgment appointing one Albert F. Smith administrator *pendente lite*, and adjudging that W. Arthur Smith had "no authority to act under Section 13, Revised Statutes 1919;" that Albert F. Smith qualified by giving bond, which bond the court approved. Later the usual affidavit for appeal was filed, and the probate court continued the cause for a time "until the court is further advised as to whether the appellant is entitled to any appeal." Finally on January 2, 1925, the court granted W. Arthur Smith an appeal to the Circuit Court of Macon County, and approved an appeal bond in the sum of $1200. Through-

out the record it is shown that counsel appeared for the petitioners, mentioned above, who in their petition asked the suspension of W. Arthur Smith, and the appoint·ment of an administrator *pendente lite.* The record also shows the appearance of counsel for W. Arthur Smith, the executor, at all the hearings had in the matter. Our writ was invoked to quash that portion of the record granting the appeal. This is the single question in the case.

I. In our statement we have eliminated all extraneous matter in the petition for our writ. The single issue is, whether or not the Probate Court of Macon County was without jurisdiction to make an order granting an appeal in the matter before him. We have written so much upon this question that we hesitate to write more. [Leahy v. Campbell, 274 Mo. 343, 1. c. 361; Leahy v. Mercantile Trust Co., 296 Mo. 1. c. 597 et seq.; In re McMenamy's Guardianship, 307 Mo. 98, 270 S. W. 1. c. 668 et seq.]

*Jurisdiction.*

In the latter case (270 S. W. 1. c. 669) we said: "Since the opinion of GANTT, J., in Coleman's case, supra, the right to have an appeal (unless it is expressly prohibited by law) from any final *judgment* or *order* made by a probate court has never been denied by this court, but, on the other hand, fully sustained under Section 2436, Revised Statutes 1919. [Leahy v. Mercantile Trust Co., 296 Mo. 1. c. 600, 601, 247 S. W. 396.] *It matters not whether such final judgment or order is in the estate of an insane person, or in some other branch of probate jurisdiction.*"

In this opinion the seven members of this court concurred. We had hoped that the matter had been finally settled.

In Leahy v. Mercantile Trust Co., 296 Mo. 1. c. 598, we ruled that the construction giving the right to an appeal was not contradicting the terms of Section 13, Revised Statutes 1919, but only went to the question as to whether or not such judgment or order of the probate court made under the statute was appealable.

This Section 13, relied upon by relators here, was discussed by BURGESS, J., in State ex rel. Alderson v. Moehlenkamp, 133 Mo. 1. c. 138 and 139, where he expressly says that it was for the probate court "to determine from the evidence before it" whether a will contest proceeding was pending in the circuit court. And may we add that the determination of that question is one of both law and fact. It is and must be a hearing upon evidence, in which hearing those bringing a contest suit are interested parties upon one side, and the duly constituted executor of the will, the interested party upon the other side. The judgment of the probate court determines the issue in favor of one or the other of the adversely interested parties. The judgment of the probate court in this case recites the fact of a hearing upon evidence.

The latter foregoing remarks are not strictly pertinent to the question of the right to an appeal, but are pertinent to another question raised by learned counsel, which question we shall discuss more fully. If the probate court had the right to grant an appeal, then our writ of *certiorari* should be quashed, and the record of the Probate Court of Macon County should be upheld. The purpose of such a writ is to bring up the record for our consideration. If the lower court was within its jurisdiction in granting the appeal we cannot quash its record. *Certiorari* serves the purpose of undoing a thing done without jurisdiction, or in excess of jurisdiction, after it has been done. Prohibition is the remedy where the act beyond jurisdiction, or in excess of jurisdiction, is threatened, but not done. So too, if the court has jurisdiction to proceed, but refuses to proceed, the correlative remedy of mandamus may be invoked to compel such court to proceed. And in this connection it should be said that this court has compelled a court having probate jurisdiction to grant an appeal in a case before it. [Hall v. County Court of Audrain County, 27 Mo. 329. See also In re McMenamy's Guardianship, 307 Mo. 98, 270 S. W. 1. c. 668.] In other words if the act (beyond

or in excess of jurisdiction) has been done, and made of record, the remedy may be *certiorari* to quash such record. If the act beyond or in excess of jurisdiction is only threatened, but not accomplished, then the remedy is by writ of prohibition. But if the act to be done is one within jurisdiction, and one which the court ought to do, but refuses to do, then the remedy is by mandamus.

In this case, unless the record made by relators has substance, it was the duty of the probate court to have granted the appeal, and its record could not and should not be quashed.

II.  In the foregoing we have recognized the right of relators to proceed by *certiorari* in this case, and properly so.

But it is urged that there was no final judgment from which an appeal would lie. In the cases, supra, and others therein cited, it has always been regarded as a final judgment or order. Paragraph four of Section 2436, Revised Statutes 1919, says that the circuit court shall have "appellate jurisdiction from the judgments and *orders* of . . . probate courts . . . in all cases *not expressly* prohibited by law."

Note the use of the word "order" in this statute as well as the word "judgment." We need not, however, undertake to draw distinctions between the two words. It is a final judgment. In this case the relators here petitioned the probate court to suspend the executor, and to appoint an administrator *pendente lite*. This was presented to a court whose duty it was to hear and determine the matter upon evidence. [State ex rel. v. Moehlenkamp, 133 Mo. l. c. 138.] There were adverse parties to this judicial contest. The relators here, as petitioners there, were seeking to oust the executor from his office, and the executor in turn was there by counsel opposing. Rights were involved. The result of that judicial hearing and contest is a judgment, and a final judgment. [In re Doe Run Lead Co., 223 S. W. l. c. 605 et seq.] It took the executor from office, and put another in his place. Relators would have us believe that it is not only final,

but further that no appeal is allowed by law. So persistent have been the efforts to thwart appeals in these cases (many of which were mere fee grabbing schemes) that the Legislature has seen fit to clear up all doubt as to what, long since, should have been the law, by putting it in further statutory form. The last session of the lawmakers of the State repealed Section 13, Revised Statutes 1919, and enacted two new sections (Laws 1925, p. 100) by which the practice (prevalent in some places) of filing pretended will contests, as mere fee grabbing schemes, have been throttled. Section 13a of the Act of 1925 limits the power of probate courts to appoint what we usually call administrators *pendente lite*. If the executor named in the will has no interest in the estate other than his fees and commissions, he cannot be displaced. The power to appoint administrators *pendente lite* at all is placed in the discretion of the court.

This statute is a step in the right direction. It provides for a hearing, just as Judge Burgess ruled in Moehlenkamp's case, supra, was contemplated by the old statute, Section 13, Revised Statutes 1919. Upon appeal such hearing is had *de novo* in the circuit court.

Our writ was improvidently issued, and the record of the Probate Court of Macon County should be sustained and upheld, and our own writ quashed. It is so ordered. All concur, except *Woodson, J.,* who dissents.