WILLIAM A. KINNERK, Executor of Estate of ARRENA R. PIERRON, Appellant, v. LAURA REED SMITH ET AL.—41 S. W. (2d) 381.

Division One, July 28, 1931.

514

*James F. Conran* for appellant.

*N. Murry Edwards* for respondents.

STURGIS, C.—This is a suit to quiet title, as plaintiff claims, or to remove an alleged cloud from the title of certain real estate in the city of St. Louis, as defendants claim. The plaintiff sues as executor of the last will of Arrena R. Pierron, deceased, and the defendants are the heirs at law of such deceased. Defendants make this statement of the case, which we find to be correct:

"This is a suit by appellant and other parties against the respondents, who are all the heirs at law of Arrena R. Pierron, deceased, to remove an alleged cloud from the title of certain real estate owned by deceased at the time of her death by reason of the fact that the respondent heirs claim title to said real estate.

"This suit was filed on August 10, 1928, by William A. Kinnerk as executor of the last will and testament of Arrena R. Pierron, deceased, as one of the plaintiffs, and ten charitable associations named as co-plaintiffs. The petition in this case alleges, as the appellant Kinnerk's only right to institute and prosecute this action, that he is executor of the last will and testament of Arrena R. Pierron, deceased. The allegation as to the right of the ten charitable associations named as plaintiffs to institute and prosecute this suit is that the will of the deceased provided that all the rest and remainder of her estate should be given by the executor to such charitable uses and purposes as he might determine. It is alleged that Kinnerk had elected to determine to give the residue of the estate to the ten charities named with him as co-plaintiffs.

"Separate motions to dismiss were filed by the respondents, who were defendants in the lower court, as to each of the ten plaintiff charities, on the ground that Kinnerk had no authority to institute and prosecute this suit in their names as plaintiffs. Some of the charities appeared in court and filed written requests to dismiss the case as to them, stating that Kinnerk had received no authority from them to institute and prosecute the suit.

"Respondents also filed a motion to dismiss this cause as to plaintiff William A. Kinnerk, executor of the last will and testament of Arrena R. Pierron, for the reason, as stated in their motion, that Kinnerk 'is not the executor of the last will and testament of Arrena R. Pierron, deceased, and that said William A. Kinnerk has no power or authority to institute or prosecute this action as executor of the last will and testament of Arrena R. Pierron, deceased.'

"All of the motions to dismiss were set down and called for hearing by the trial court on November 7, 1928."

Leaving out certain quotations from the evidence, the statment proceeds:

"The trial court, after taking under submission all of respondents' motions to dismiss, on November 19, 1928, sustained all of such motions as to the ten charities, and also at the same time sustained the motion of the defendants to dismiss as to William A. Kinnerk as executor, upon the ground that he was not executor and had no power or authority to institute and prosecute this suit as executor of the said last will and testament.

"The plaintiff filed a motion for a new trial as executor of the last will and testament of Arrena R. Pierron, deceased. No motion for new trial was filed on behalf of the ten charities."

The assignments or grounds for new trial in plaintiff's motion for new trial amount to one assignment, to-wit, that under the pleadings, the law and the evidence, the trial court erred in dismissing this cause as to the plaintiff.

On December 7, 1928, the plaintiff's motion for new trial was by the court overruled, from which ruling the plaintiff prosecutes this appeal as the alleged executor of the last will and testament of Arrena R. Pierron, deceased. The other plaintiffs have not appealed.

It is thus seen that the whole case was disposed of in the trial court by a motion to dismiss on the ground that plaintiff brings suit as executor of the will of Arrena R. Pierron, the admitted common source of title to the land in question, and that plaintiff was not such executor and therefore had no legal capacity to sue. This is not the method of procedure prescribed by our code in that the question "that the plaintiff has not legal capacity to sue" is by Section 770, Revised Statutes 1929, made a ground of demurrer, and Section 774, Revised Statutes 1929, provides that if such defect "does not appear upon the face of the petition," which is the case here, then objection may be raised by answer, and if not so raised, will be deemed as waived. [Osmak v. American Car & Foundry Co., 328 Mo. 159, 40 S. W. (2d) 714.] The plaintiff, in turn, did not object to the method of procedure, and so that was waived also. The result, however, is that the record is

518

incomplete and far from satisfactory, as we shall see—the fault being that of both parties.

The motion to dismiss the case states as grounds therefor ''that this cause be dismissed as to plaintiff William A. Kinnerk, executor of the last will and testament of Arrena R. Pierron, deceased, for the reason that plaintiff William A. Kinnerk is not the executor of the last will and testament of Arrena R. Pierron, deceased, and that William A. Kinnerk has no power or authority to institute or prosecute this action as executor of said last will.'' As this motion did not prove itself, the defendants, as proponents of the motion, necessarily and in fact took on themselves the burden of proving that plaintiff was not the executor of the will, and in doing so assumed, necessarily, we think, the truth of all the other allegations of the petition and that same were sufficient to constitute a cause of action. There was but one issue raised by the motion and the burden of proof as to this issue was on the defendants as proponents of the motion. Had the issue been raised by answer, the burden as to this, as well as other issues, would have been on plaintiff.

Looking at the petition, which states the cause of action which defendants asked the court to dismiss, we find that it states that ''plaintiff is executor of the last will and testament of Arrena R. Pierron, deceased; that all the other plaintiffs named herein are voluntary charitable associations; that the estate of said Arrena R. Pierron is now in course of administration in the Probate Court of the City of St. Louis, Missouri; that said Arrena R. Pierron died in the city of St. Louis on the 16th day of August, 1923, leaving a last will and testament; that at the time of her death the said Arrena R. Pierron was the owner of and was seized in fee of the following described real estate in the city of St. Louis: (Describing same.)

''That the said Arrena R. Pierron, after providing in said will for the payment of her debts and making certain other dispositions of her property, did further provide:

'' 'Fifth. All my property, real and personal, shall be sold.

'' 'Sixth. All the rest and remainder of my estate shall be given by my executor hereinafter named to such charitable uses and purposes as he may determine.'

''That, acting under and by virtue of said power, this executor did, in due course, file in the Probate Court of the City of St. Louis, Missouri, and also in the office of the Recorder of Deeds of said city, a paper writing, wherein and whereby he did designate the plaintiffs herein (other than himself) as those who should receive the remainder of said estate in the proportions therein stated.''

The petition then sets out in full the appointment and declaration of trust made and filed by plaintiff as executor under said will, reciting his power and authority as executor of said will, and names ten charitable organizations which are to share and receive a designated portion of the trust fund "to be used by them for charitable uses and purposes." The petition then states that each and all of said persons or associations so designated then were and now are charitable organizations engaged in the active work of charity, helping the sick, the needy, the worthy, and the unfortunate; that defendants herein claim some title, estate and interest in and to the remainder of said estate, including the real estate above described, adverse to the interests of the plaintiff herein. The plaintiff then prays that the court try, ascertain and determine the estates, titles and interests of the plaintiff and defendants in and to the remainder of said estate, including the real estate described, and by its decree to adjudge, determine, settle and quiet the respective rights, titles, interests and estates of said parties to the remainder of said real estate; that the defendants and those claiming by, through and under said defendants be barred from setting up or claiming any title or claim to said real estate.

On the hearing of their motion to dismiss, the defendants offered their evidence, and the court, after hearing same, sustained the motion and entered its judgment dismissing the case. The plaintiff then took the usual steps for an appeal, including the filing of a bill of exceptions, and has printed and filed his abstract of the record, statement, brief, etc., in this court.

The defendants have filed in this court, in addition to their statement and brief, what is designated as "Objections to Appellant's Abstract of the Record" and ask this court to strike out certain parts of the appellant's abstract purporting to show certain evidence offered by plaintiff at the trial, but which, if offered, is not preserved by the bill of exceptions and therefore cannot be considered by this court. This motion must be and is sustained, as it needs no citation of authorities to sustain defendants' contention that matters of evidence can only be preserved for the consideration of this court by a bill of exceptions. In this connection, however, we are led to say that because of the irregular method of trying the issue of fact as to plaintiff's capacity to maintain this action, the parties took for granted and assumed as true facts doubtless well known to them and perhaps to the court and gave attention only to the one question of whether plaintiff was *reinstated as executor* of the will of Arrena R. Pierron. Plaintiff has printed as part of his abstract certain records of the probate court relative to probating the will, the appointment of plaintiff as executor, filing an inventory of the estate,

his suspension during a contest of the will, and what was done with reference to his reinstatement as executor after the contest was ended. These are the matters which defendants move to strike out, and of course plaintiff now sees that these matters ought to be in the record here, but they are not. We are led to believe that had this issue been raised by answer instead of by motion to dismiss, placing the burden on plaintiff to show his authority as executor, these matters would have been put in evidence. Defendants, however, chose to present the matter by motion and undertook to prove a negative, that plaintiff was not the executor when the suit was commenced and tried, and we will decide the matter from their evidence alone. Their contention is that by excluding this extraneous evidence there is nothing to show the will itself or its probate, or that plaintiff was ever appointed or qualified as executor, or that there was a contest of the will.

The defendants' motion to dismiss the case must be taken in the nature of an answer and hence a part of the record proper, else defendants have nothing to stand on. In fact defend-ants do not move to strike this motion from the record, though not preserved by the bill of exceptions. Plaintiff's petition clearly shows that Arrena R. Pierron died August 16, 1923, the owner of this land; that she left a last will and testament, setting out the material portions thereof, and that same is in the course of administration in the probate court; that said will gave her executor power to designate the beneficiaries under the will, and that plaintiff as executor had filed in the probate court his proper writing designating such beneficiaries. The motion to dismiss designates plaintiff William A. Kinnerk as executor of the last will of Arrena R. Pierron, deceased. To sustain the motion to dismiss, defendants put in evidence the order of the probate court made on July 9, 1928, reciting that the court hears the motion of these defendants, heirs at law of Arrena R. Pierron, deceased, ''praying the court to set aside its order dated May 22, 1928, made in vacation, *re-appointing* William A. Kinnerk *executor de bonis non* of the estate of Arrena R. Pierron, deceased, and denying the application of said William A. Kinnerk for letters testamentary on the estate of said deceased, and for appointment of some competent, suitable and other person to administer said estate, heretofore on June 15, 1928, heard, submitted and taken under advisement, and doth find that said William A. Kinnerk is an incompetent, unsuitable and improper person to execute the said will and administer upon the *remaining assets* of said estate for the reasons in said petition contained, and the said William A. Kinnerk is therefore disqualified to act as *executor de bonis non* under the last will of said deceased. The court therefore denies the application of the said William A. Kinnerk for letters testamentary *de bonis non* on said estate.

"And the court therefore disapproves and rejects the letters testamentary *de bonis non* granted to the said William A. Kinnerk on said May 22, 1928, while the court was in vacation, and vacates and sets aside said order of May 22, 1928; it is thereupon ordered by the court that Robert M. Zeppenfeld, a resident of the city of St. Louis, Missouri, be and he is hereby appointed administrator *de bonis non* with the will annexed of the estate of said deceased, upon giving bond in the sum of $15,000, with good and sufficient securities."

It will be noticed that this order was made on July 9, 1928, and purports to set aside a vacation order of the court dated May 22, 1928, *re-appointing* this plaintiff *executor de bonis non* of said estate. The petition in this case discloses that the testatrix died August 16, 1923.

The defendants rely on this order of the probate court as sustaining their contention that plaintiff was not thereafter executor of the estate in controversy and therefore had no authority to bring or prosecute this action. The trial court took that view of the matter and sustained defendants' motion to dismiss and entered judgment accordingly.

The contention of plaintiff is that he was appointed executor in the will of Arrena R. Pierron, which will was duly admitted to probate by the probate court, and that he was duly appointed and qualified as such executor in 1923; that owing to a contest of such will, his authority as executor was suspended and another person was appointed and acted as executor *pendente lite;* that on the termination of such contest the authority of the executor *pendente lite* automatically and as a matter of law ceased, and that plaintiff's authority as executor was resumed without any new authority or re-appointment of the probate court; that he did not apply for appointment as executor in May, 1928, but only made it known to the probate court that the will contest was ended, the will established, and that he was resuming his duties and powers as executor; that the only power possessed by the probate court was to recognize his authority as executor and direct the executor *pendente lite* to turn over possession of the estate to plaintiff as executor. Consequently, plaintiff concludes that the order of the probate court relied on by defendants as setting aside and refusing to confirm the vacation order re-appointing plaintiff as executor, finding him to be a person unfit and incompetent to act as executor, and appointing another person administrator *de bonis non* with the will annexed, is void as being in excess of the probate court's power.

We think that plaintiff's contentions are correct and in accordance with the law if the facts on which same are based are found to exist. Plaintiff's authority and powers as executor are derived from his being appointed executor by the will and such appointment being

confirmed by the probate court on the will being admitted to probate. [Sec. 11, R. S. 1929; Stagg v. Green, 47 Mo. 500.] The fact that a' contest of the will was later filed and prosecuted in the circuit court does not give the probate court power to terminate the executor's authority as such, but only to appoint a disinterested person administrator *pendente lite,* whose authority ceases and who shall deliver the estate back to the regular executor when the contest is finally decided in favor of the will. [Sec. 14, R. S. 1929.] It should be noticed that under this section no administrator, pending a will contest, can be appointed unless it is made to appear that the named executor has an interest in the estate other than the commissions allowed by law. [State ex rel. Smith v. Williams, 310 Mo. 267.] This court in the recent case of State ex rel. Barlow v. Holtcamp, 322 Mo. 258, 14 S. W. (2d) 646, held that the filing of a will contest does not revoke or authorize the probate court to revoke letters testamentary already granted to the executor named in the will, but at most merely to suspend the authority of the executor to act pending the contest. Pending the will contest, the probate court has no authority to revoke letters testamentary so granted, and on the termination of the will contest establishing the will, the authority of the provisional administrator ceases at once and the executor originally appointed is entitled, without any further appointment or authority, to take possession and resume his administration of the estate. The probate court should make any and all necessary orders in aid of the executor obtaining possession of the estate and continuing the administration; but when the aid of the court is so invoked, it has no authority or jurisdiction to enter upon an inquiry on the theory that there is a vacancy and proceed to a finding and judgment that such executor is incompetent and not a proper person to execute the will, and thereupon appoint another person as administrator *de bonis non* with the will annexed. What this court said in the last cited case is applicable here, to-wit:

"As we have seen, it is the contention of respondent's learned counsel that relatrix's letters had been revoked by the will contest; that there was a vacancy in the office of executrix and that upon this assumption respondent appointed Hampe as administrator *de bonis non.* . . . Relatrix was the lawfully appointed executrix of the last will of deceased; she prayed the court to order the administrator *pendente lite* to turn over the assets, but instead of obeying the plain mandate of the statute, he made an order appointing an administrator *de bonis non.* She asked for bread; he gave her a stone. It needs no further citation of authorities to establish that the order so made and complained of was beyond and in excess of the respondent's jurisdiction."

In State ex rel. v. Imel, 243 Mo. 178, 186, this court said: "For such reasons the statutes referred to contemplate that the functions of the executor, who acts under the will and by virtue of his appointment in court, are to be suspended, and a competent provisional administrator, in the person of a neutral or indifferent person, is to be appointed; but mark the fact, for thereon weighty matter hangs, his appointment is special and limited. It is for that turn only, temporary and 'during the time of such contest.' . . . So, when that time comes the provisional administrator is *functus officio*. He must step down and out *instanter*, settle and turn over 'the money and property of the estate to the executor or regular administrator,' who, by that token, comes into his own again."

It is true that by Section 43, Revised Statutes 1929, provision is made for the removal of an executor or administrator for various causes, among them being "in anywise incapable or unsuitable to execute the trust reposed in him," and a method of procedure calling for a trial is given, but the probate court in this case was not acting under this statute or attempting to comply with its terms. That court was not attempting to remove an executor then in office, but was proceeding on the theory that there was a vacancy in the office and that the court was called on to fill such vacancy.

While the record here does not contain the court orders specifically showing that plaintiff had been sometime previously appointed executor of this will and his authority to act had been suspended by reason of a will contest, yet this was assumed in hearing the motion to dismiss, and by our taking knowledge of our own records, we know that the contest of the will in question reached this court on appeal and came to a decision upholding the will in April, 1928. [Wentura v. Kinnerk, 319 Mo. 1068.] That case shows that the will in question was duly probated and then contested; that plaintiff was named executor, qualified, etc; that a suit to contest the will was filed, tried and appealed to this court with the result that the will was upheld. Shortly thereafter this suit was filed.

We hold, therefore, that the trial court erred in dismissing this case on defendants' motion, thereby holding that plaintiff had been deprived of his power and authority under the will of Arrena R. Pierron by the action of the probate court, and dismissed the case for that reason.

II. In view of the fact that this cause must be reversed and remanded for trial, we note from the briefs and statements of the respective parties that the real question for determination is whether

the Sixth Clause of the will of Arrena R. Pierron is void for indefiniteness and uncertainty. The will provides that all testator's property shall be sold and that the debts and certain legacies be paid. The Sixth Clause then provides that "all the rest and remainder of my estate shall be given by my executor hereinafter named to such charitable uses and purposes as he may determine."

The plaintiff, on the one hand, contends that this provision of the will is valid, while defendants contend that same is void for uncertainty. Defendants also contend that this question was not passed on by the trial court and is not here for decision and anything we might say would be *obiter dictum*. To this we agree. And defendants also contend that this clause was adjudged invalid in the will contest case of Wentura v. Kinnerk, 319 Mo. 1068, where this court said, *arguendo* merely, that "there can be no doubt but that the bequest to charity is void, but it does not follow that the executor (trustee) takes beneficially." Plaintiff contends, and to this we also agree, that the validity of this clause of the will was not for decision in that case and what was there said was also *obiter dictum*. We will, therefore, leave this question of the validity of this clause of the will undecided until it is properly presented for decision and both sides can be heard.

The cause is accordingly reversed and remanded. *Ferguson* and *Hyde, CC.*, concur.

PER CURIAM:—The foregoing opinion by STURGIS, C., is adopted as the opinion of the court. All of the judges concur.