ELIZABETH JOHNS BROWNING SCHUPBACH, Appellant, v. HARRY FISLER, LUCILLE FISLER, JACOB LOUGHMILLER, ROSE LOUGHMILLER, B. H. MACKINTOSH and T. ERNEST MACKINTOSH, Respondents, No. 42248—239 S. W. (2d) 502.

Division Two, May 14, 1951.

*J. K. Owens* and *I. I. Ozar* for appellant.

*Arthur N. Adams* and *Arthur N. Adams, Jr.,* for respondents.

36

 BOHLING, C.—This is an action to ascertain and determine title to Lots 87 and 88, Penn Park, an addition in Kansas City, Missouri. The issue for determination is whether, under the present law, the administrator of the estate duly appointed by the probate court can sell real estate when necessary to pay the allowed demands against the testator's estate while an action is pending to contest his will.

Elizabeth Johns Browning Schupbach (nee Browning), the devisee under testator's will, instituted the action. The present owners, Harry Fisler and Lucille Fisler, husband and wife, of Lot 87, and Jacob R. Loughmiller and Rose Loughmiller, husband and wife, of Lot 88, joined with their separate answers cross-petitions that title to the respective lots be determined. The court adjudged the title to Lot 87 in the Fislers and the title to Lot 88 in the Loughmillers. Plaintiff appealed.

The essential facts are: Henry J. Spanger died testate on September 26, 1938, the owner, subject to mortgages, of the lots in question. His will was probated December 15, 1938. He devised the lots to plaintiff and gave his residuary estate to his sisters, Clara Jurgeson, Annie Miller and Celia Bush, share and share alike. He named Clara Jurgeson executrix, but she waived her right to serve and the Probate Court appointed Carlton R. Benton, Public Administrator, as administrator c. t. a. Notice of letters were duly published and the inventory listed said lots. The Probate Court entered an order directing the administrator to take charge of the real estate.

On February 23, 1939, Clara Jurgeson and others instituted an action to contest the will of Henry J. Spanger, naming the administrator and Mrs. Schupbach as defendants.

After demands ($3,332 or more) had been allowed exceeding the value of both the real and personal assets of the estate, the Administrator filed a petition and obtained an order to sell the real estate to pay the debts. He sold the real estate at private sale for $3,450. All proceedings connected with the sale of the real estate were in

due course of law. The present owners trace their title to the purchaser at said sale of the Administrator.

The debts of the estate exceeded its assets, and the Administrator, after disbursement of the proceeds from the sale and there being no other assets, asked for and received his final discharge for want of funds.

Subsequently, the will contest suit went by default and a judgment was entered sustaining the will of Henry J. Spanger.

Plaintiff stresses Johnson v. Brewn, 277 Mo. 392, 395 (I), 210 S. W. 55, 56 (I), to establish error. That case was an action to determine title, decided in 1919, and involved a will probated March 24, 1895. The executor duly qualified on March 29, 1895. A will contest was filed on May 20, 1895. The statute then provided: "If the validity of a will be contested, or the executor be a minor, or absent from the state, letters of administration shall be granted during the time of such contest, minority or absence to some other person, who shall take charge of the property and administer the same according to law, under the direction of the court, and account for and pay and deliver all the money and property of the estate to the executor or regular administrator when qualified to act." R. S. 1889, § 13; R. S. 1909, § 21; R. S. 1919, § 13. Notwithstanding said statutory provisions, the executor filed a petition on May 25, 1895, to sell the real estate involved to pay the debts of the deceased and, under orders of the Probate Court, sold said real estate and executed a deed purporting to convey the same to the purchaser on February 14, 1898. On September 21, 1898, a judgment was entered declaring the instrument admitted to probate was not the will of the deceased.

The court in Johnson v. Brewn stated that the filing of the will contest vacated the order of the probate court admitting the will to probate and, under the statute quoted supra, the authority of the executor to further act also ceased. The court also stated: "* * * The probate court retains jurisdiction of the estate and should appoint a temporary administrator to administer it. But the jurisdiction of all questions pertaining to the probate of the will are transferred by the contest to the circuit court." And concluded: "The executor in this case had no authority to present an application for the sale, the probate court of Jackson county had no jurisdiction to make the order of sale, the sale and deed made in pursuance of such invalid order were void and passed no title." The ruling is based on the want of authority in said executor to act in the circumstances for otherwise the observation that the probate court retained jurisdiction and should appoint a temporary administrator to administer the estate served no purpose. Cases are to be read in the light of the facts involved, and general language in an opinion is to be restricted to the issues and facts of the case. The conclusion only, not the process by which it is reached, is the decision of the

court. Chicago, B. & Q. Ry. Co. v. Gildersleeve, 219 Mo. 170, 192, 193, 118 S. W. 86, 93; 21 C. J. S. 309, Courts, §§ 190, 222.

We perceive no error in the holding in Johnson v. Brewn, supra, under the then existing statutes, which suspended the probate of a will and the authority of the executor thereunder pending a will contest and dependent upon its outcome. State ex rel. ▮▮▮ Barlow v. Holtcamp, 322 Mo. 258, 264, 14 S. W. 2d 646, 649, citing cases; Carroll v. Reid, 158 Mo. 319, 59 S. W. 69.

In 1925 the General Assembly repealed the statute applied in Johnson v. Brewn, supra, and enacted two new sections in lieu thereof. Laws 1925, p. 100, §§ 13 and 13a; R. S. 1939, §§ 13 and 14. The provisions relating to the contest of a will were deleted from R. S. 1919, § 13 (now R. S. 1949, § 461.080); and new provisions applicable upon the contest of a will and materially changing the prior law were set forth in Laws 1925, p. 100, § 13a (now R. S. 1949, § 461.090).

Section 13a, supra, so far as material here, is to the effect that in the event of a will contest, the executor named in the will, "if he have no beneficial interest in the estate save the commissions allowed by law to executors," is to administer the estate under the direction of the probate court, and if the assets of the estate embrace real estate within the state, the probate court is to "direct the administrator in charge of said estate to take charge and manage the real estate until the termination of the will contest"; or if such executor have an interest adverse to any contestant, the probate court, "in its discretion," may grant letters of administration to some disinterested party to like effect.

Section 13a, supra, limited the power of the probate court and if the executor named in the will has no interest in the estate other than his commissions his authority is not to be suspended; and if he has an interest adverse to any contestant, the appointment of an administrator pendente lite is within the sound discretion of the probate court. State ex rel. Smith v. Williams, 310 Mo. 267, 274, 275 S. W. 534, 536; Kinnerk v. Smith, 328 Mo. 513, 522, 41 S. W. 2d 381, 384[7, 9]; Stobie v. Stobie (Mo. App.), 183 S. W. 2d 609, 616[4]; In re Roff's Estate, 226 Mo. App. 1203, 1208, 50 S. W. 2d 156, 158; 2 Limbaugh, Missouri Practice, Probate Courts, 700, § 1146. We understand an administrator pendente lite was appointed in Odom v. Langston, 355 Mo. 109, 113[2], 195 S. W. 2d 463, 464[3]. See Odom v. Langston, 351 Mo. 609, 620[7], 173 S. W. 2d 826, 833[15].

There are observations in the opinions to the effect that, notwithstanding a will contest, when necessary an administrator pendente lite, the administration not being suspended, may draw the real estate into the administration for the payment of allowed demands. Odom v. Langston, 351 Mo. 609, 623, 627, 173 S. W. 2d 826, 835[26], 837[31];

Union Trust Co. v. Soderer, 171 Mo. 675, 679 et seq., 72 S. W. 499, 500; Seibert v. Harden, 319 Mo. 1105, 1119, 8 S. W. 2d 905, 912.

In the instant case the Probate Court ordered the Administrator to take charge of the real estate. Thereafter, upon due application the Probate Court ordered the Administrator to sell the real estate in question to pay the debts of the estate and in regular course he made the sale, reported the same and his report was approved and the sale confirmed. In these circumstances, under the authorities, the probate administration for the payment of allowed demands was not suspended by the will contest and the Administrator was proceeding within his authority. Johnson v. Brewn, supra, does not establish error under existing statutes. See Odom v. Langston, 351 Mo. 609, 620[7], 623[11], 626, 627, 173 S. W. 2d 826, 833[15], 835[26], 837[31]; Union Trust Co. v. Soderer, supra; Seibert v. Harden, supra. Consult Scott v. Royston, 223 Mo. 568, 589, 590, 592, 123 S. W. 454, 460, 461.

Accordingly, the judgment is affirmed. *Westhues* and *Barrett, CC.,* concur.

PER CURIAM:—The foregoing opinion by BOHLING, C., is adopted as the opinion of the court. All the judges concur.