STATE ex rel. TOM BAKER AND TRAILBACK PLANTATION, a Corporation, Relators, v. JUDGE ARTHUR U. GOODMAN, JR., Respondent, CYPRESS LAND FARMS COMPANY, a Corporation, Intervenor, No. 44398—274 S. W. (2d) 293.

Court en Banc, November 8, 1954.

Rehearing Denied, January 10, 1955.

*Elvis A. Mooney* and *C. A. Powell* for relators.

1204

1206

*Sievers, Reagan & Schwartz* for respondent.

*Merrill Spitler, James H. Meredith* and *Owen T. Armstrong* for intervenor; *Lowenhaupt, Mattingly, Chasnoff & Stolar* of counsel.

ANDERSON, Special Judge—This is an original proceeding in mandamus to compel the respondent, as Judge of the Circuit Court of Stoddard County, to set aside an order of dismissal as to one of two parties defendant in a cause pending in said court, and to reinstate said cause and proceed to the trial and final disposition of said action. Relators are Tom Baker and Trailback Plantation, plaintiffs in said cause. The case was submitted to this court upon a motion for judgment on the pleadings. The facts, which are not in dispute and which appear from the pleadings, are as follows.

The suit below was originally filed against Cypress Land Farms Company, a corporation, Shell Chemical Corporation, and Cypress Supply Company, a corporation. The petition was in two counts, the first count alleging a cause of action for breach of an implied warranty in the sale to plaintiffs by defendants of a spray cart, and the second count being an action for negligence in connection with said sale.

On May 12, 1953, Cypress Land Farms Company filed its separate answer in said cause. Thereafter, and on October 19, 1953, the relators, as plaintiffs, dismissed said action as to all the defendants except the Cypress Land Farms Company, a corporation, and by leave of court made the Ferguson Machine and Tool Company, Inc., a corporation, a party defendant. At the same time, relators filed their first amended petition.

The first count of the amended petition was directed against the defendant Cypress Land Farms Company. In said first count it was alleged that during the year 1950 plaintiff Trailback Plantation owned approximately ninety acres of land in Stoddard County, Missouri, which plaintiff Tom Baker occupied as tenant; that during

the year 1950 all of said land was planted in cotton by Tom Baker under an agreement with Trailback Plantation whereby said tenant had a one-fourth interest in said cotton and the owner a three-fourths interest therein; that on or about June 29, 1950, defendant Cypress Land Farms Company, with knowledge of the above mentioned facts and knowing that plaintiffs desired to purchase a spray cart and spray material to be used by them in spraying their cotton to kill insects thereon, sold and delivered to the plaintiffs a spray cart and six five-gallon cans of "Aldrin", a chemical to be used in said cart for the purpose of killing insects, and then and there impliedly warranted said spray cart and "Aldrin" to be in all respects fit and proper for such use; that after said purchase plaintiffs, relying on said warranty, used the spray cart and spray in spraying said cotton, and as a direct result thereof said cotton was damaged and destroyed because said spray cart was contaminated with a poisonous substance other than "Aldrin", which poisonous substance was commonly known as "2-4-D"; and that plaintiffs suffered damages as a result thereof in the sum of $15,000, for which sum they prayed judgment.

The second count of said petition was directed against both defendants. It alleged that during the year 1950 the defendant Ferguson Machine and Tool Compay, Inc., made and assembled approximately forty-three spray carts for one Henry Cohn, Sr., and Henry Cohn, Jr., partners doing business as Carrollton Farm Supply Company; that in June, 1950, after said defendant had manufactured and assembled carts for said Carrollton Farm Supply Company, and while it had said carts in its possession it was furnished a can of poisonous chemicals known as "2-4-D" by said Henry Cohn, Sr., to be used in one of said spray carts for killing weeds at said defendant's place of business in Ferguson, St. Louis County, Missouri; that said poisonous substance was thereafter so used; that thereafter, on or about June 27, 1950, four of said spray carts, including the one in which said poisonous chemical had been used, were delivered to the defendant Cypress Land Farms Company; that the latter, although it knew that the defendant Ferguson Machine and Tool Company had used one of said spray carts to spray poisonous chemicals, sold and delivered same to plaintiffs as a new machine; that at said time Cypress ▅▅▅ Land Farms Company and its officer, Henry Cohn, Sr., knew that plaintiffs were engaged in raising cotton on their land and desired to use said cart in spraying said cotton with a chemical known as "Aldrin" for the purpose of killing insects thereon; that plaintiffs did use said spray cart for said purpose and as a result plaintiffs' cotton was damaged and destroyed, all to plaintiffs' damage in the sum of $15,000.

It was further alleged that plaintiffs' damage was due to the negligence of defendants. The negligence charged against Ferguson

Machine and Tool Company, Inc., was: "(a) in using the poisonous chemical known as '2-4-D' in said machine in spraying the weeds on the premises belonging to said defendant; (b) in failing to properly and sufficiently clean said machine and all parts thereof after it had used said poisonous chemical therein; (c) in failing to warn the plaintiffs that said poisonous chemical, that is, '2-4-D', had been used in said machine; (d) in failing to place any sign or warning on said machine so as to indicate and warn such persons who might use it that said poisonous chemical had been used therein."

The negligence charged against Cypress Land Farms Company was: "(a) in failing to properly and sufficiently clean said machine and all parts thereof after the Ferguson Machine and Tool Company, Inc., had used said poisonous chemical, that is, '2-4-D', therein; (b) in failing to warn the plaintiffs that the poisonous chemical '2-4-D' had been used in said machine; (c) in failing to place any sign or warning on said machine so as to indicate and warn persons who might use it that such poisonous chemical had been used therein."

The prayer of said second count of the petition was for damages in the sum of $15,000 against both defendants.

A summons in said cause was served on the defendant Ferguson Machine and Tool Company, Inc., by the Sheriff of St. Louis County delivering a copy thereof, together with a copy of the amended petition, to Irvin A. Waterstreet, its Vice-President, who at the time was in the company's usual business office in St. Louis County and in charge thereof. A copy of said amended petition was served on defendant Cypress Land Farms Company by delivering the same to its attorney of record.

Cypress Land Farms Company is a Missouri corporation with its principal office, place of business, and residence in the City of St. Louis.

Ferguson Machine and Tool Company, Inc., is a Missouri corporation with its principal office, place of business, and residence in St. Louis County.

Neither defendant maintains an office or agent in Stoddard County for the transaction of its usual or customary business.

After the service upon it as aforesaid, Ferguson Machine and Tool Company, Inc., filed in said cause its motion to dismiss for lack of jurisdiction over said defendant, said motion alleging the court lacked jurisdiction because:

"(a) Neither defendant herein is a resident of Stoddard County, Missouri, as required by Section 508.010 R.S. Missouri, 1949.

"(b) The summons and petition were illegally sent outside Stoddard County, Missouri, for service on the defendant.

"(c) Neither defendant was personally served in Stoddard County, Missouri. * * *"

Thereafter, said motion was by the court sustained, the court's order reading as follows:

"Motion to dismiss first amended petition sustained in part. Cause abated as to defendant Ferguson Machine and Tool Company, Inc., because of improper venue and lack of jurisdiction over said defendant when joined with its co-defendant."

Relators .then filed in this court their petition for a writ of mandamus, seeking to compel the respondent to set aside said order, and to reinstate the case as to the defendant Ferguson Machine and Tool ▉ Company, Inc., and to proceed to trial as to both defendants.

Thereafter, upon motion, Cypress Land Farms Company was permitted to intervene in this cause for the purpose of filing briefs and being heard at the oral argument in this court.

Relators contend that Section 508.040 R.S. Mo. 1949, V.A.M.S., controls the venue of relators' suit against Ferguson Machine and Tool Company, Inc., and Cypress Land Farms Company; that under said statute the proper venue of said suit includes the county where the cause of action accrued; that since relators' cause of action against the defendants accrued in Stoddard County, the suit was properly brought in Stoddard County.

Relators take the further position that intervenor is precluded from asserting that Stoddard County is not the proper venue of relators' suit against it for the reason that intervenor entered its appearance in said cause by filing an answer to relators' original petition.

Respondent takes the position that Section 508.010 R.S.Mo. 1949, V.A.M.S., controls the venue of relators' suit; that under said statute the proper venue of said action is either St. Louis County, the residence of Ferguson Machine and Tool Company, Inc., or the City of St. Louis, where Cypress Land Farms Company resides, and for that reason the circuit court of Stoddard County is without jurisdiction.

Intervenor, Cypress Land Farms Company, takes the position that if relators' suit is abated as to Ferguson Machine and Tool Company, Inc., it should also be abated as to intervenor; and conversely, if said suit is not abated as to intervenor, that Ferguson Machine and Tool Company, Inc., should be reinstated as a party defendant, for the reason that both defendants stand in essentially the same position with respect to the matter of venue. Intervenor therefore urges that this court either (a) quash the alternative writ and order relators' suit be abated as to intervenor as well as to Ferguson Machine and Tool Company, Inc., or, in the alternative, (b) grant the relief prayed by relators.

▉▉ The question presented in this case is whether or not two corporations can be sued jointly in a county where a cause of action

accrues against both corporations where neither defendant resides in said county. A determination of this issue depends upon whether venue in such a case is fixed by Section 508.040 R.S. Mo. 1949, V.A.M.S., as relators contend, or is determined by the second subdivision of Section 508.010 R.S. Mo. 1949, V.A.M.S., as ruled by respondent.

Section 508.010 is the general venue statute, fixing venue in actions against individual defendants, the portion relevant to our inquiry here being as follows:

"Suits instituted by summons shall, except as otherwise provided by law, be brought:

\* \* \* \* \* \* \* \*

"(2) When there are several defendants, and they reside in different counties, the suit may be brought in any such county."

Section 508.040 applies in suits against corporations, and reads:

"Suits against corporations shall be commenced either in the county where the cause of action accrued \* \* \* or in any county where such corporations shall have or usually keep an office or agent for the transaction of their usual and customary business."

It is readily apparent that the foregoing sections of the statute do not in express terms cover all possible situations likely to arise. Thus there is no express provision fixing venue in cases where one or more corporations are sued with one or more individuals. Nor is there any express provision to take care of a situation like the case at bar where two corporations are sued in the same action.

This court on several occasions has had before it the first proposition above mentioned, and has uniformly ruled ▉▉▉ that in such a case the two sections should be construed in pari materia and, when so considered, venue in such cases should be determined according to subdivision (2) of Section 508.010 R.S. Mo. 1949, V.A.M.S. State ex rel. Columbia National Bank of Kansas City v. Davis, 314 Mo. 373, 284 S.W. 464; State ex rel. C. H. Atkinson Paving Co. v. Aronson, 345 Mo. 937, 138 S.W. 2d 1; State ex rel. Clay County Bank et al. v. Waltner, 346 Mo. 1138, 145 S.W. 2d 152; State ex rel. Henning v. Williams, 345 Mo. 22, 131 S.W. 2d 561; State ex rel. Whiteman v. James, Mo. Sup., 265 S.W. 2d 298.

It is urged by respondent that the same rule should be applied where two corporations are made defendants, and the above cases are relied on as authorities in support of such contention. An examination of these decisions reveals that the court in each instance, in ruling that venue in the particular case was controlled by the second subdivision of Section 508.010 R.S. Mo. 1949, V.A.M.S., declared that the rule should extend to cases where corporations only were sued jointly, and limit the application of Section 508.040

1212

R.S. Mo. 1949, V.A.M.S., to actions where a corporation was the sole defendant.

In none of the cases relied on by respondent was it necessary for the court to announce the rule in such broad terms. In each instance the question before the court related merely to venue in cases where corporations were joined as parties defendant with individuals. Under such circumstances the pronouncements therein favorable to respondent's position here should not be regarded as authoritative precedents.

There is no doctrine better settled than that the language of judicial decisions must be construed with reference to the facts and issues of the particular case, and that the authority of the decision as a precedent is limited to those points of law which are raised by the record, considered by the court, and necessary to a decision. State ex rel. Lashly v. Becker, 290 Mo. 560, 235 S.W. 1017; Ex parte DeCastro, 238 Mo. App. 1011, 190 S.W.2d 949; Pettus et al. v. City of St. Louis et al., 362 Mo. 603, 242 S.W. 2d 723; Schupbach v. Fisler, 362 Mo. 39, 239 S.W. 2d 502.

Section 508.010 fixes the venue in all suits instituted by summons "except as otherwise provided by law". By Section 508.040 the General Assembly has provided a different scheme for venue in "suits against corporations" by specifying that such actions shall be brought either in the county where the cause of action accrued, or in the county where the corporation has or usually keeps an office or agent for the transaction of its usual or customary business. It is a special statute designed to take corporations from under the operation of Section 508.010. By its terms, Section 508.040 applies to all corporations and is mandatory in its provisions. Being a special statute, it must prevail in all cases where it is possible to apply it, for it is a well established rule of statutory construction that specific statutory provisions prevail over broad general provisions. 50 Am. Jur., Statutes, page 86, sec. 67.

While it is true, as stated in State ex rel. Columbia National Bank of Kansas City v. Davis, supra, Section 508.040 does not in express terms undertake to fix venue in cases where there are several corporate defendants, it seems to us that it does so by necessary implication.

In a case where individuals and corporations are sued jointly it is necessary to construe the two sections together for neither expressly fixes the venue in such case, and it is only Section 508.010 that does so by implication. But in the case of two corporations being sued, a different situation exists. When we look to the statutes for the proper venue in such a case we find Section 508.040 designed to cover venue in suits against corporations, which statute can be construed to cover the situation. We believe that such construction should be put on said statute, and that the proper venue in the

case at bar is in Stoddard County, where the cause of action, as alleged, accrued.

We hold that respondent Judge should set aside his order of April 8, 1954, abating the action as to defendant Ferguson Machine and Tool Company, Inc., reinstate said action as to said defendant, and proceed in said action as to both defendants. For that purpose, our alternative writ of mandamus is hereby made peremptory. *Leedy*, Acting C. J., and *Dalton, Hollingsworth, Hyde,* and *Ellison*, JJ., concur.

## ON MOTION FOR REHEARING

PER CURIAM:—In the opinion filed herein we failed to dispose of respondent's contention that Stoddard County was not the proper venue for the reason that plaintiffs' petition failed to state a joint cause of action against the defendants. There is no merit to this contention.

Prior to the decision of this court in State ex rel. Campbell v. James, 263 S.W. 2d· 402, it was the law that, in suits brought against several persons residing in different counties, jurisdiction over the non-resident defendants was acquired by service of process upon them in the county of their residence only when a joint cause of action was pleaded. Those decisions determined jurisdiction only where venue was sought under the general venue statute (now Section 508.010 R.S. Mo. 1949).

In the case at bar, venue is not to be determined under Section 508.010 R.S. Mo. 1949, V.A.M.S., but under the provisions of Section 508.040 R.S. Mo. 1949, V.A.M.S. There is no reason for applying in this case the rule contended for by respondent. In State ex rel. Campbell v. James, supra, said rule was disapproved with respect to venue attaching under Section 508.010 R.S. Mo. 1949, V.A.M.S. In that case it was held that jurisdiction is acquired over non-resident defendants, even though no joint cause of action is stated, where the parties defendant are lawfully joined under the provisions of Section 507.040 R.S. Mo. 1949, V.A.M.S.

It is also urged by respondent that jurisdiction did not attach in this case for the reason that no cause of action was stated against Ferguson Machine and Tool Company, Inc. In support of this contention there is cited the case of Diehr v. Carey, 238 Mo. App. 889, 191 S.W. 2d 296. That case held that it was a prerequisite to lawful joinder of a non-resident defendant that a cause of action be stated against the resident defendant. There again the court was dealing with a case where Section 508.010, supra, governed the matter of venue. The rule announced in said case is still the law in actions under said section. State ex rel. Campbell v. James, Mo. Sup., 263 S.W. 2d l.c. 406. However, it is not applicable to a

1214

case such as the one at bar where venue is determined by Section 508.040 R.S. Mo. 1949, V.A.M.S.

For the above reasons, we need not determine whether plaintiffs' petition stated a cause of action against the Ferguson Machine and Tool Company, Inc.