Dear Mr. Spainhower:
This official opinion is issued in response to your request for a ruling as to whether Section 33.190, RSMo Supp. 1975 authorizes the issuance of replacement checks when some person other than the named payee suffers the loss or destruction of a state check.
The example you have provided indicates that this question can arise under the following circumstances: a state check is issued to a payee who endorses and cashes the check at a local store; the store is thereafter robbed and the check is among those items stolen; the proprietor of the store executes an affidavit describing the facts pertaining to the loss or destruction of the check and requests the issuance of a replacement check; the State Treasurer determines that the lost or destroyed check has not yet been presented to him for payment.
Section 33.190(1), RSMo Supp. 1975 provides as follows:
 "1. If a state check is lost or destroyed, the payee of such check shall prepare and file with the state treasurer an affidavit under oath setting forth the facts pertaining to such loss or destruction, together with a request for the issuance of a replacement check. The state treasurer shall, after receipt of the affidavit and request, and upon a determination by the state treasurer that the lost or destroyed check has not been presented to him for payment, issue a stop-payment order for the lost or destroyed check to the bank depository on which the lost or destroyed check is drawn, and forward to the commissioner of administration a request for the issuance of a replacement check to the payee of the check which has been lost or destroyed, and the commissioner of administration shall promptly issue the replacement check."
The language of the statute designates only the payee of the check as the person entitled to present an affidavit to the State Treasurer and to make request for a replacement check.
It should be noted that the above-quoted statute constitutes an amendment to Section 33.190; prior to 1973 that section provided as follows:
 "If a check is lost or destroyed and satisfactory proof of that fact is made to the treasurer, and the state treasurer certifies that the check has not been presented to him for payment, the comptroller, upon evidence of the execution and delivery to the treasurer, by the applicant for the duplicate check, of a bond which shall be a surety bond if a bond of over five hundred dollars is required, payable to the state of Missouri in double the amount of the check, with good and sufficient security approved by the treasurer and conditioned that the applicant will indemnify the state or any legal holder of the original check for any loss which may occur in case the original check is produced or presented for payment, shall prepare, certify and issue a duplicate of the warrant, of like date and amount, and he shall insert in the warrant the words `duplicate, original unpaid', and shall immediately notify the treasurer of the issuance of the duplicate, and the state treasurer shall pay the duplicate but not the original when presented for payment. No duplicate check shall be issued until thirty days after bond is filed with and approved by the treasurer."
The prior statute thus did not designate who was entitled to request a duplicate check, the only requirements being satisfactory proof that the check was lost or destroyed and the posting of a bond. The 1973 amendment abolished the bond requirement, replacing it with an affidavit requirement. In so doing, the amendment also specifically designated the payee as the person entitled to exercise the provisions of the statute. Because this statute is actually a grant of power to the State Treasurer to issue replacement checks, it is apparent that the Treasurer would have no authority to issue a replacement check except where the affidavit is executed by the payee of the check.
It should also be noted that the statute authorizes the issuance of a replacement "to the payee of the check which has been lost or destroyed." There is no provision for the issuance of a replacement check to anyone else who may have suffered the loss or destruction of the check. In the example you provide, the original payee has already cashed the check at a local store and has not personally suffered any loss. Even assuming that the payee thereafter executes an affidavit setting forth the circumstances of the theft of the check, the statute authorizes the issuance of a replacement check only to him and not to the proprietor of the store. The statute thus appears to contemplate a restoration to the payee only when he has been deprived of the proceeds of the check.
Although the general rule pertaining to negotiable instruments is that the transferee of a check succeeds to all rights of the transferor (see Section 400.3-201, RSMo 1969), it is our opinion that this rule would not apply because Section 33.190 is more accurately characterized as a grant of power to the Treasurer, rather than the establishment of a right accruing to the payee, which might then devolve upon a transferee of the check. This result is also compelled by the rule of statutory construction holding that specific statutory provisions should prevail over broad, general provisions. See e.g., Baker v. Goodman, 274 S.W.2d 293 (Mo. Banc 1954); State exinf. Dalton v. Mouser, 284 S.W.2d 473 (Mo. Banc 1955).
CONCLUSION
It is the opinion of this office that Section 33.190, RSMo Supp. 1975 authorizes the issuance of a replacement check only to the payee of such check when the payee has never received the proceeds of such check.
The foregoing opinion, which I hereby approve, was prepared by my assistant, Sheila K. Hyatt.
Yours very truly,
 JOHN ASHCROFT Attorney General