**STATE of Missouri ex rel. CAMERON MUTUAL INSURANCE COMPANY, A Corporation, Relator,**

**v.**

**Honorable Eugene E. REEVES, Judge, Circuit Court of Pemiscot County, Missouri, Respondent.**

No. 14896.

Missouri Court of Appeals,
Southern District,
Division Two.

April 9, 1987.

Wendell W. Crow, Crow, Reynolds & Preyer, Kennett, for relator.

James M. Turnbow, Jones, Pelts, Stokley & Turnbow, Hayti, for respondent.

PREWITT, Presiding Judge.

The question is whether the underlying action may be maintained in Pemiscot

County. Section 508.040, RSMo 1986, sets forth the venue when a corporation is sued. It states:

> **Suits against corporations, where commenced.**—Suits against corporations shall be commenced either in the county where the cause of action accrued, or in case the corporation defendant is a railroad company owning, controlling or operating a railroad running into or through two or more counties in this state, then in either of such counties, or in any county where such corporations shall have or usually keep an office or agent for the transaction of their usual and customary business.

In the underlying action plaintiff Velma Little sued relator Cameron Mutual Insurance Company alleging that relator is a corporation that "has, and usually maintains, an office and agent for the transaction of its usual and customary business in Pemiscot County, Missouri." Plaintiff sought to recover under the uninsured motorist provisions of an insurance policy issued by relator.

Following service of process relator moved to dismiss for improper venue, contending that it does not have or usually keep an office or agent for the transaction of its usual and customary business in Pemiscot County. When respondent indicated he would deny that motion this court issued a preliminary order. That order is now dissolved and relator's petition denied.

The parties agree that the cause of action did not accrue in Pemiscot County and that venue is only proper in Pemiscot County if relator has or usually keeps an office or agent for the transaction of its customary business. Relator's excellent counsel succinctly and accurately states the question before us:

> The record is clear that Defendant does not have or usually keep an office in Pemiscot County. Consequently, under the undisputed evidence, wherein it is established that Bernard Insurance Agency, Inc., is the only agency in Pemiscot County that writes coverage for

Relator, the ruling of this Court on this proceeding will be determined by its answer to the question: Is Bernard Insurance Agency, Inc., such an "agent for the transaction of (Relator's) usual and customary business", within the intendment contemplated by § 508.040, RSMo., as to authorize the case below to be "commenced" (using the statutory language) in Pemiscot County, Missouri?

Robert McGraw, President of Bernard Insurance Agency, Inc. was the sole witness at the hearing on relator's motion. He testified that it is "an Agent for Cameron Mutual operating as, I assume, an independent contractor." He testified that the agency represented eight other insurance companies under similar agreements. He stated that when a person comes to their office seeking insurance coverage that "[w]e try to pick and select and choose the company that would best fit the risk that we are trying to place for the needs of the people." He said that his organization is "an Independent Agent".

Mr. McGraw testified that the agency had authority to bind relator for insurance coverage and to solicit and submit applications for insurance to it. He said Cameron Mutual had no control over the agency's hours of work, its procedures or the duties of its employees. The agency's remuneration from relator is solely "a commission on the proceeds of the policy." McGraw said that the agency accepts premium payments for relator's policies by having checks paid to relator which are then transmitted to relator's district office.

McGraw testified that the agency is authorized to change the coverage "as far as a vehicle or a location" but not the wording of the policy. It can change the amount of the deductible or the limit of liability. He said that this agency is the only one that writes coverage for relator in Pemiscot County and that relator has no office or employees in the county nor any other "officer, partner, general managers or other agents". Mr. McGraw said that the agency cannot countersign a policy but "might

countersign a certificate of insurance." He acknowledged that the contract indicated that the agency could countersign a policy "but we do not do that".

Bernard Insurance Agency, Inc. operates under a written agreement with relator entitled **"Agent's Agreement"**. A part of that agreement provides:

AUTHORITY. The Company hereby grants to the Agent, and the Agent hereby accepts authority on behalf of the Company to solicit and submit applications for insurance and to deliver and countersign such policies, certificates, endorsements and binders as are authorized and classified in the Company's current Agent's manual, subject to such restrictions as may be placed upon the Agent by the laws of the state in which he is authorized to write insurance business; to bind Company to risks until written notice of cancellation is given to Agent by Company, subject to such restrictions on binding authority as may be contained in Company's Agent's manual. Nothing herein contained shall be construed to waive any limitations contained in Company's Agent's manual nor to create the relationship of employer and employee between Company and Agent.

Insurance agents were held not to be a "general agent" as required for service of process in *State ex rel. MFA Mutual Insurance Co. v. Rooney*, 406 S.W.2d 1 (Mo. banc 1966) and *State ex rel. State Farm Mutual Automobile Insurance Co. v. Sanders*, 556 S.W.2d 712 (Mo.App.1977). However, "agent" as used in § 508.040 is not defined in the same way as it is in service of process cases. *State ex rel. Pagliara v. Stussie*, 549 S.W.2d 900, 903 (Mo. App.1977). "[A]gent" as used in § 508.040 means "a person authorized by another to act for him, one intrusted with another's business". *Id.* (quoting from Black's Law Dictionary)

In connection with insurance, *Douglas v. National Life & Accident Ins. Co.*, 236 Mo.App. 467, 155 S.W.2d 267, 271 (1941), discusses "agent" as follows:

"An agent, on the other hand, is one who is employed under an agreement to accomplish results on behalf of his principal whom he represents, but who, in attaining the ends for which he is employed, is not subject to his principal's right of control over the manner in which he shall perform the acts that constitute the execution of his agency."

This would appear to substantially describe the function of the Bernard Agency here. See also § 375.012(4), RSMo 1986 (defining "Insurance agent"). Although the Bernard Agency may, in some particulars, be acting for those wishing to purchase insurance coverage, it also acted for relator. By contract, and perhaps custom, it was acting for relator in connection with relator's business of selling insurance. We hold that Bernard Insurance Agency, Inc. is an "agent" for relator under § 508.040.

Relator also contends that the Bernard Agency would not be an agent for the transaction of relator's usual and customary business. We do not agree. Obviously, it is the selling of insurance which keeps relator operating. Relator's usual and customary business would at least include, if it is not its principal business, the selling of insurance contracts. The Bernard Agency does that for them. As such there is an agent for the transaction of the usual and customary business of relator in Pemiscot County and venue lies there.

The preliminary order is dissolved and relator's petition denied.

HOGAN, FLANIGAN and MAUS, JJ., concur.