**STATE ex rel. Gary Lee WILSON, Relator,**

v.

**Honorable James L. SANDERS, Judge of the Circuit Court of the City of St. Louis, Missouri, Respondent.**

**No. 53842.**

Missouri Court of Appeals, Eastern District, Division One.

Dec. 29, 1987.

Motion for Rehearing and/or Transfer Denied Feb. 4, 1988.

Application to Transfer Denied March 15, 1988.

Donald L. Schlapprizzi, Margaret Mary Neill, St. Louis, for relator.

Ronald C. Willenbrock, St. Louis, for respondent.

DOWD, Presiding Judge.

Plaintiff-relator seeks a writ of prohibition requiring the circuit court to vacate its order dismissing relator's cause of action on grounds of improper venue and to enter an order overruling defendant's motion to quash service of summons and to dismiss relator's petition. Our preliminary order in prohibition is made absolute.

Relator, Gary Lee Wilson, filed suit against his automobile insurance carrier, Fireman's Fund Insurance Company, seeking to recover under the uninsured motorist provisions of his insurance policy. Relator alleged he was operating his motor vehicle in Pulaski County, Missouri when he was forced off the road and into a tree by a "hit and run" driver.

Relator brought his action in the City of St. Louis averring in his petition that Fireman's Fund had agents for its "usual and customary business" located in the City of St. Louis. Service of process was had on the Superintendent of Insurance in accordance with Rule 54.15 and § 375.906.2, RSMo 1986.

Fireman's Fund filed a motion to quash service of summons and to dismiss plaintiff's petition on grounds of improper venue. The trial court sustained defendant's motion.

■ We note at the outset that petitioning for an extraordinary writ is the proper method of attacking an order of the trial court dismissing a cause of action on grounds of improper venue as a dismissal for improper venue is not an appealable order. *Davidson v. Hess*, 673 S.W.2d 111, 112 (Mo.App.1984).

■ Section 508.040, RSMo 1986, is the general venue statute for suits against corporations and provides in pertinent part: "Suits against corporations shall be commenced either in the county where the cause of action accrued ... or in any county where such corporations shall have or usually keep *an office or agent for the transaction of their usual and customary business.*"

Fireman's Fund advertised in the St. Louis Yellow Pages that it had agents at different locations located within the City of St. Louis. It is the contention of Fireman's Fund that these agents are independent agents that place insurance with various insurance companies. In its answers to interrogatories propounded by relator, however, Fireman's Fund admitted that these agents located in the City of St. Louis had the authority to solicit and submit applications of insurance for Fireman's Fund and to bind Fireman's Fund in limited circumstances.

In *State ex rel. Pagliara v. Stussie*, 549 S.W.2d 900 (Mo.App.1977), this court stated that the term "agent" as used in the venue statute for corporations, § 508.040, should

not be given the same narrow definition as applied in service of process cases. *Id.* at 903. The term of art "general agent" utilized in the service statutes was not utilized in the venue statute. Instead, § 508.040 simply requires that the agent be one for the transaction of the corporation's "usual and customary business." Moreover, this court noted that venue is not jurisdictional but rather is grounded in convenience to litigants. *Id.* It was the conclusion of this court that the standard definition of agent as found in Black's Law Dictionary was sufficient in venue cases: " 'a person authorized by another to act for him, one entrusted with another's business.' " *Id.* (quoting Black's Law Dictionary, p. 85 (4th ed. 1968)).

In the recent decision of *State ex rel. Cameron Mutual Insurance Co. v. Reeves,* 727 S.W.2d 916 (Mo.App.1987), the Southern District employed this rationale in an action against an insurance carrier. The court held venue was proper in the county where an independent agent, who represented the defendant insurer, was located even though the agent also represented several other insurance companies. Venue was proper as the agent had authority to bind the defendant insurer and to solicit and submit applications for insurance to the insurer and thus was an agent of the insurer for venue purposes. *Id.* at 918.

Likewise, in the case at bar, Fireman's Fund advertised that the agents at issue were agents for Fireman's Fund. Moreover, Fireman's Fund admitted these agents could solicit and submit applications for insurance to Fireman's Fund and could bind Fireman's Fund under limited circumstances. The usual and customary business of Fireman's Fund includes the selling of policies of insurance. *Reeves, supra,* at 918.

We conclude the insurance agents were agents of Fireman's Fund for the transaction of its usual and customary business and thus venue was proper in the City of St. Louis.

Accordingly, the writ of prohibition is made absolute.

KELLY and PUDLOWSKI, JJ., concur.