**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Relator,**

v.

**The Honorable Brendan RYAN Judge of the Circuit Court of the City of St. Louis, Missouri, Division I, Respondent.**

No. 55500.

Missouri Court of Appeals,
Eastern District,
Writ Division Six.

Jan. 31, 1989.

Motion for Rehearing and/or Transfer to Supreme Court Denied
Feb. 28, 1989.

Application to Transfer Denied
April 18, 1989.

for an evidentiary hearing within 15 days after the amended motion was required to be filed.

William W. Evans and Adrian P. Sulser, St. Louis, for relator.

Movant suffered no prejudce.

Michael G. Beck and Paul E. Fitzsimmons, Clayton, for respondent.

GRIMM, Judge.

Relator seeks a writ of prohibition against respondent prohibiting him from denying a motion to quash and dismiss the case for improper venue. We grant the writ by making our preliminary order in prohibition permanent.

The underlying action involves an automobile accident. Plaintiff Charles Hyatt allegedly sustained personal injuries when his vehicle collided with a vehicle driven by Charlotte Mace, now deceased.

Charles and Beatrice Hyatt filed a petition in the Circuit Court of St. Louis City against Relator State Farm Mutual Automobile Insurance Company and David Horwitz, defendant ad litem for Mace. Count one seeks recovery under the uninsured motorist coverage of State Farm's policy issued to the Hyatts. Counts two and three allege causes of action against the defendant ad litem for personal injury and loss of consortium, respectively. Venue in the petition is based upon State Farm doing business in the City of St. Louis and having an office and agent for the transaction of its regular business therein.

The collision occurred in St. Charles County. The Hyatts are residents of the City of St. Louis. Prior to her death, Mace resided in Warren County. Horwitz resides in St. Louis County. State Farm, an Illinois Corporation licensed to do business in Missouri, is registered with the Director of the Division of Insurance, whose office is in Cole County.

State Farm filed a motion to quash and dismiss the Hyatts' petition because of improper venue. Respondent, the Honorable Brendan Ryan, overruled and denied the motion. From this denial, State Farm sought a writ of prohibition.

■ Section 508.040, RSMo 1986, is known as the corporation venue statute. It is applicable and controlling only when the sole defendant is a corporation, or when all defendants are corporations. *Johnson v. Rickhoff,* 649 S.W.2d 248, 249 (Mo.App.E.D.1983); *State ex rel. Parks v. Corcoran,* 625 S.W.2d 686, 688 (Mo.App.E.D.1981). Here, the Hyatts have sued both a corporation and an individual, so § 508.040 is not applicable.

■ Section 508.010, RSMo 1986, is the general venue statute. This is the applicable statute when one or more corporations are sued together with one or more individuals. *Dick Proctor Imports, Inc. v. Gaertner,* 671 S.W.2d 273, 274 (Mo. banc 1984). *See also* Adoor and Simeone, *The Law of Venue in Missouri,* 32 St. Louis U.L.J. 639–672 (1988). Since the Hyatts sued State Farm, a corporation, and Horwitz, an individual, § 508.010 applies.

Section 508.010 provides in pertinent part:

Suits instituted by summons shall, except as otherwise provided by law, be brought:

(2) When there are several defendants, and they reside in different counties, the suit may be brought in any such county;

■ Missouri has long recognized that a foreign corporation licensed to do business in this state "resides" in the county where its registered office and registered agent is located. *State ex rel. Bowden v. Jensen,* 359 S.W.2d 343, 350–351 (Mo. banc 1962). State Farm, an Illinois corporation licensed to do business in Missouri, is registered with the Division of Insurance. As required by § 375.906, RSMo 1986, it appointed and authorized the Division to acknowledge and receive service of all lawful process on its behalf. For purposes of service of process, this appointment of the Division is the functional equivalent of designating a registered agent.

■ We recognize that venue is not necessarily controlled by where service is obtained. *McNabb v. National Liberty Ins. Co. of America,* 188 S.W.2d 523, 525–526 (Mo.App.W.D.1945). In this case, we are not required to decide whether a foreign insurance company fixes its residence in the county where the Director of the Division of Insurance is located by complying with § 375.906.

Respondent argues that "a foreign insurance company is a resident of a county when it maintains an office for the transaction of its usual and customary business therein." Apparently, respondent is attempting to take language from § 508.040—suit may be brought in any county where the corporation "shall have or usually keep an office or agent for the transaction of its usual and customary business"—and equate it with the term "resident".

It is not, however, the "residence" of an insurance company which usually allows the insurance company to be sued in numerous counties. Rather, it is the provision of § 508.040 which allows corporations, including insurance companies, to be sued "in any county where such corporation shall have or usually keep an office or agent for the transaction of their usual and customary business." Since insurance companies usually have agents selling its policies in numerous counties, service may be obtained on an insurance company in any county where an agent sells those policies. *State ex rel. Cameron Mutual Insurance Company v. Reeves*, 727 S.W.2d 916, 918 (Mo.App.S.D.1987).

As to the other defendant, the residence of Horwitz, the defendant ad litem, is not a factor in determining proper venue. *State ex rel. Gannon v. Gaertner*, 592 S.W.2d 214, 216 (Mo.App.E.D.1979); *State ex rel. Picker v. Gaertner*, 599 S.W.2d 45, 45–46 (Mo.App.E.D.1980). Instead, it is the residence of the decedent, Charlotte Mace, which is the relevant consideration when determining venue. *Gannon* at 216.

If the Hyatts action was brought solely against State Farm, then venue could be sought (and presumably obtained) in the City of St. Louis under the provisions of § 508.040. The applicable venue statute, however, is not § 508.040, but 508.010(2). Neither Mace or State Farm are "residents" of the City of St. Louis. Since no defendant resided in St. Louis City, venue was improper in the City of St. Louis and, thus, the Circuit Court of St. Louis City lacked jurisdiction over the suit. Accord-ingly, our preliminary writ of prohibition is made permanent.

CARL R. GAERTNER, P.J., and DOWD, J., concur.