STATE of Missouri, ex rel., Edward A. RILEY, Edwin T. Cato, Rickey A. Stubbs and Donald R. Rhodes, Relators,

v.

The Honorable James F. McHENRY, Judge of the Circuit Court of Cole County, Missouri, Respondent.

No. WD 43827.

Missouri Court of Appeals, Western District.

Jan. 8, 1991.

---

Terrance J. Good, St. Louis, James E. Spain, Poplar Bluff, for relators.

Daniel Patrick Finney, Jr., St. Louis, for respondent.

Before TURNAGE, P.J., and SHANGLER and FENNER, JJ.

FENNER, Judge.

Relators seek a writ of prohibition against respondent prohibiting him from proceeding further in an underlying cause of action filed in the Circuit Court of Cole County. Relators argue that venue is improper in Cole County and that the trial court erred by denying their motions to dismiss for improper venue.[1]

In the underlying action the plaintiff, Michael Rehm, filed suit against Edward A. Riley, Donald R. Rhodes, Edwin T. Cato, Rickey A. Stubbs and Western Surety Company for the alleged mismanagement of his father's estate, the Estate of George L. Rehm. Riley and Rhodes served as co-personal representatives for the Estate. Riley is an accountant and is a partner with Cato and Stubbs in the accounting firm of Riley, Stubbs and Cato. Rhodes is an attorney. Western Surety Company acted as surety for Riley and Rhodes in their capacity as Co–Personal Representatives.

■ Section 508.010, RSMo 1986, is the Missouri general venue statute.[2] This section is applicable when one or more corporations are sued with one or more individuals, as in the case at bar. *State Farm Mutual Automobile Insurance Company v. Ryan*, 766 S.W.2d 727, 728 (Mo.App. 1989).[3] Section 508.010 provides in pertinent part as follows:

Suits instituted by summons shall, except as otherwise provided by law, be brought:

\* \* \* \* \* \*

(2) When there are several defendants, and they reside in different counties, the suit may be brought in any such county;

(3) When there are several defendants, some residents and other nonresidents of the state, suit may be brought in any county in this state in which any defendant resides;

■ Section 351.370 of the General Business and Corporation Law of Missouri requires that corporations subject to the law maintain a registered office and a registered agent in Missouri. A foreign corporation licensed to do business in Missouri

---

**1.** Prohibition is recognized as a remedy where venue is improper and the trial court is without jurisdiction. *Sperry Corp. v. Corcoran*, 657 S.W.2d 619, 620 (Mo. banc 1983).

**2.** All statutory references are to RSMo 1986, unless otherwise specifically stated.

**3.** Unlike the case at bar, when the sole defendant is a corporation or all defendants are cor-

porations, § 508.040 is applicable. *State Farm Mutual Automobile Insurance Company v. Ryan*, 766 S.W.2d at 728. Under § 508.040 suits against corporations can be commenced either in the county where the cause accrued or in any county where the corporation has or usually keeps an office or agent for the transaction of business.

"resides" in the county where its registered agent and registered office is located. *State Farm Mutual Insurance Company v. Ryan*, 766 S.W.2d at 728. However, foreign insurance corporations are not required to designate a registered office and registered agent under the general corporation laws of Missouri. *State ex rel. Stamm v. Mayfield*, 340 S.W.2d 631, 633 (Mo. banc 1960). Section 375.906 requires foreign insurance companies to authorize the Director of the Division of Insurance to receive service of process on behalf of the company at the office of the Director in Jefferson City, Cole County, prior to transacting any business in Missouri.

At the time the underlying action was filed, Riley, Rhodes, Cato and Stubbs were residents of Stoddard County and the Estate of George L. Rehm was pending in the Circuit Court of Stoddard County, Probate Division. The parties herein agree that Western Surety Company is a foreign insurance company with no registered office in the State of Missouri. Western Surety Company has designated the Director of the Division of Insurance to receive service of process on behalf of the company pursuant to § 375.906.

■ In accordance with § 508.010(2), if Western Surety Company is considered a resident of Cole County, venue is proper in Cole County. However, if Western Surety is not considered a resident of Cole County, then venue would be limited to Stoddard County under the circumstances herein, pursuant to § 508.010(3).

In *State Farm Mutual Insurance Company v. Ryan*, 766 S.W.2d at 728, the court recognized that venue is not necessarily controlled by where service is obtained. However, the court declined to decide the question of whether a foreign insurance company fixes its residence in the county where the Director of the Division of Insurance is located by complying with § 375.906. *Id.*

It is the opinion of this court that § 375.906 does not relate to venue but only to the method of service of process. In *State ex rel. Stamm v. Mayfield*, 340 S.W.2d at 634, the court specifically held that § 375.210, RSMo 1949, which was the predecessor to the present § 375.906, was a service and not a venue statute.

A foreign insurance company designating the Director of the Division of Insurance in Jefferson City to receive service of process under § 375.906 does not establish Cole County as the residence of the company for venue purposes.

The preliminary writ of prohibition is made permanent. Respondent is to take no further action herein except to enter an order transferring this cause to Stoddard County, Missouri.[4]

All concur.

---

4. When a trial court finds venue to be improper, the case must be transferred to a circuit where venue is proper, rather than dismissed. Section 476.410, RSMo Supp.1990. *Highway and Transp. Comm'n v. Hedspeth*, 788 S.W.2d 342, 344 (Mo.App.1990).