**STATE of Missouri ex rel. Angela L. ROTHERMICH, Relator,**

v.

**Honorable James J. GALLAGHER, Judge, Circuit Court, St. Louis City, Respondent.**

No. 73122.

Supreme Court of Missouri, En Banc.

Sept. 10, 1991.

Cordell Siegel, Andrew E. Wasserman, Clayton, for relator.

William W. Evans, Brenda G. Baum, St. Louis, for respondent.

PATRICIA BRECKENRIDGE, Special Judge.

This is an original proceeding in mandamus. Relator is the plaintiff in an action filed in the Circuit Court of the City of St. Louis seeking to recover damages for personal injuries she sustained as the result of an automobile accident, and to recover under the uninsured motorist provision of a policy of insurance. Relator seeks a writ compelling respondent as Judge of the Circuit Court of the City of St. Louis to set aside his order quashing and dismissing relator's petition for improper venue and to reinstate said cause. The issue before this Court is where does a foreign insurance corporation fix its residence for venue purposes under § 508.010, RSMo 1986,[1] when one or more corporations are being sued together with one or more individuals.

Alternative writ of mandamus made peremptory.

In her petition, Plaintiff Rothermich alleges she sustained personal injuries when her vehicle collided with the vehicle of De-

1. All statutory references are to Missouri Revised Statutes, 1986, unless otherwise noted.

fendant, Rhonda L. Christian. Plaintiff claims that the collision was the result of the combined and concurring negligence of Defendant Christian and an unknown driver of a second vehicle.

Relator Angela L. Rothermich ("relator") filed a two count petition in the Circuit Court of the City of St. Louis. In Count I of her petition, relator sued Defendant Christian for negligence. In Count II of her petition, relator sued State Farm Automobile Insurance Company ("State Farm") on a policy of insurance issued to her husband. Under Count II, relator seeks recovery under the uninsured motorist provision of said policy. Venue as set forth in the petition is based upon State Farm maintaining a general office in the City of St. Louis for the transaction of its usual and customary business activities.

The collision occurred on November 24, 1987, in St. Charles County. Defendant Christian was, at all times applicable herein, a resident of St. Louis County and was served with summons at her place of residence. State Farm is a foreign insurance corporation authorized to do business in Missouri. State Farm filed with the Director of Insurance a designation for the Director to receive service of process on State Farm's behalf, pursuant to § 375.906. State Farm was summoned by service of process upon the Director of the Division of Insurance in Cole County. At no time relevant did State Farm maintain a principal business office, a statutory office, or a registered office in the City of St. Louis.

Defendant Rhonda L. Christian and State Farm each filed separate motions to quash and dismiss the petition because of improper venue. Respondent, the Honorable James J. Gallagher, sustained the motions. Relator then filed a Petition for a Writ of Mandamus or in the Alternative for Writ of Prohibition in the Missouri Court of Appeals, Eastern District, which was denied. Relator filed her Petition for Writ of Mandamus or in the Alternative for Writ of Prohibition in this Court, and an Alternative Writ of Mandamus was issued.

In her sole point presented, relator asserts that the trial court erred in granting defendants' motions to quash and dismiss for improper venue and in failing to exercise its jurisdiction over the proceeding for the reason that when a foreign insurance corporation and an individual are sued, venue is proper under the general venue statute, § 508.010, in any county where the foreign insurance corporation maintains an office for the transaction of its regular business.

■ Venue is a designation of the location or geographical situs where the court has jurisdiction to act in a particular lawsuit. The origin of venue dates back to the development of the English judicial system when venue was the locality from which the court summoned jurors. Adoor and Simeone, *The Law of Venue in Missouri*, 32 St. Louis U.L.J. 639, 641 (1988). Originally, jurors questioned the witnesses and the jurors were more effective if they were drawn from the area where the dispute arose or where the land involved was located. *Id.* As the judicial system developed and jurors no longer conducted inquiries of witnesses, the rules governing venue incorporated a transitory, local distinction for determining the proper court in which to file a lawsuit. *Id.* The distinction between local and transitory actions is another concept that stems from early English law. *Id.* "Basically, local actions involve disputes over fixed and immovable objects. Actions that involve real property are probably best examples of local actions. A transitory action, on the other hand, involves a situation where venue follows the parties." *Id.*

■ Venue in Missouri is determined solely by statute. Chapter 508 sets out the provisions that control venue. The purpose of the venue statutes is to provide a convenient, logical and orderly forum for litigation. *Sledge v. Town & Country Tire Centers, Inc.*, 654 S.W.2d 176, 180 (Mo.App. 1983); *Dan Ficken Pools, Inc. v. Flynn*, 592 S.W.2d 213 (Mo.App.1979). Missouri venue statutes incorporate the concepts of local versus transitory actions, in that actions involving injuries that could occur in only one place, such as litigation concerning rights to real property, would be local

and must be brought only in the county where the property is located; suits involving individuals, corporations, motor carriers, or suits for the attachment or replevin of personal property are transitory actions and may be filed in the county of defendant's residence or the county in which defendant or the personal property may be found. Adoor and Simeone, *The Law of Venue in Missouri*, 32 St. Louis U.L.J. 639, 642 (1988).

"Normally, venue and jurisdiction are independent terms, having separate and distinct meanings. Venue means the place where a case is to be tried, and jurisdiction relates to the power of the court to hear and determine the case." *Sullenger v. Cooke Sales and Service Co.*, 646 S.W.2d 85, 88 (Mo. banc 1983) (citation omitted). Prior to the enactment of § 476.410, RSMo Supp.1990, dismissal of an action was required upon the determination by the trial court that venue was improper. *Dzur v. Gaertner*, 657 S.W.2d 35, 36 (Mo.App. 1983).

■ Section 476.410, RSMo Supp.1990, provides when a trial court finds venue to be improper, the case must be transferred to a circuit where venue is proper, rather than be dismissed. *Highway and Transp. Comm'n. v. Hedspeth*, 788 S.W.2d 342, 344 (Mo.App.1990). In the case at bar, the dismissal of the petition by respondent trial judge occurred after the effective date of § 476.410. Therefore, even if this Court should determine venue to be improper, respondent was required to transfer the action to a county of proper venue. Petition for writ of mandamus is an appropriate remedy to reinstate a petition erroneously dismissed for improper venue. *State ex rel. Hune v. Ryan*, 771 S.W.2d 831, 832 (Mo. banc 1989).

■ The general venue statute, § 508.-010, is applicable when one or more corporations are sued together with one or more individuals. *State ex rel. Stamm v. Mayfield*, 340 S.W.2d 631 (Mo. banc 1960); *State Farm Mut. Auto. Ins. Co. v. Ryan*, 766 S.W.2d 727 (Mo.App.1989). Relator sued Defendant Christian, an individual, and State Farm, a corporation, therefore,

§ 508.010 applies. Section 508.010 reads, in pertinent part:

"Suits instituted by summons shall, except as otherwise provided by law, be brought:

(2) when there are several defendants, and they reside in different counties, the suit may be brought in any such county."

The issue before this Court is where does a foreign insurance corporation, as distinguished from a foreign business corporation, reside for venue purposes pursuant to § 508.010(2). Although specific factual situations have previously been addressed, Missouri courts have heretofore established no definitive definition of residence of foreign insurance corporations for purposes of § 508.010(2).

■ The statute that provides for the establishment of venue when a corporation is the sole defendant, or when one or more corporations are sued, is § 508.040. Section 508.040 provides:

Suits against corporations shall be commenced either in the county where the cause of action accrued, or in case the corporation defendant is a railroad company owning, controlling or operating a railroad running into or through two or more counties in this state, then in either of such counties, or in any county where such corporations shall have or usually keep an office or agent for the transaction of their usual and customary business.

The term "residence" is not used in § 508.-040 and is not the basis for fixing venue of a corporation in said statute. Case law has applied § 508.040 to an individual corporation sued, irrespective of whether said corporation is a general business corporation or an insurance corporation. *See Mayfield*, 340 S.W.2d at 631; *Ryan*, 766 S.W.2d at 727; *State ex rel. Riley v. McHenry*, 801 S.W.2d 779 (Mo.App.1991).

■ Contrary to § 508.040, for purposes of venue under § 508.010(2), foreign insurance corporations are treated differently from domestic and foreign general business corporations. *Mayfield*, 340 S.W.2d at 631; *Riley*, 801 S.W.2d at 779;

*Ryan,* 766 S.W.2d at 727. Residence for purposes of business corporations was originally established under § 351.375, RSMo 1949, which provided the "location or residence of any corporation shall be deemed for all purposes to be in the county where its registered office is maintained." Missouri courts interpreted the language "for all purposes" to require application of said definition in § 351.375 to § 508.010(2). The county of residence for a business corporation for purposes of § 508.010(2) is the county where its registered office and agent is maintained.

▆▆▆▆▆▆ By statute, the business corporation laws of Missouri do not apply to foreign insurance corporations. Section 351.-370.1(2); *State ex rel. Bowden v. Jensen,* 359 S.W.2d 343 (Mo. banc 1962). Sections 351.620, 351.625, and 351.630, which apply to foreign business corporations, specifically except foreign insurance corporations from these provisions. *Jensen,* 359 S.W.2d at 347–48. Since Chapter 351 excludes insurance corporations from applicability, the definition of residence for business corporations taken from § 351.375.4, RSMo 1949, has been found to be inapplicable to insurance corporations. Insurance corporations are also excluded from the requirement to maintain a registered office and agent under Chapter 351.

Although cases have noted no distinction between business corporations and insurance corporations under the venue provisions of § 508.040, the use of the term "residence" to determine venue under § 508.010(2) was found by courts to create a distinction between a business corporation whose residence was defined by statute and an insurance corporation whose residence was not.

In disposition of the case at bar, this Court turns to the relevant cases interpreting venue for a foreign insurance corporation under §§ 508.010 and 508.040. The first of these is *Mayfield,* 340 S.W.2d at 631. The pertinent issue in *Mayfield* was whether a foreign insurance corporation and/or its employee could be sued in the county where the insurance company maintained its principal office when the insur-

ance company had not designated a registered agent or office with the secretary of state, and the co-defendant employee resided in a county other than that in which the suit was brought.

The underlying action in *Mayfield* was filed in the Circuit Court of the City of St. Louis to recover damages arising out of an automobile collision. The accident occurred in the city of St. Louis where Stamm, the plaintiff, resided. The foreign insurance corporation maintained an office for the transaction of its business in the City of St. Louis, which was its divisional office for Missouri and twelve other states. Service of process was obtained on the insurance corporation in Cole County and upon the individual defendant in the County of St. Louis at his place of residence. Defendant insurance corporation had not designated a registered office in Missouri, but was not required to do so by the applicable statute, either.

The *Mayfield* court held that venue in a suit against a foreign insurance corporation and an individual is governed by § 508.010(2), which provides where there are several defendants and they reside in different counties, the suit may be brought in any such county. *Mayfield,* 340 S.W.2d at 635 citing *State ex rel. Henning v. Williams,* 345 Mo. 22, 131 S.W.2d 561, 564 (Mo. banc 1939); *State ex rel. Baker v. Goodman,* 364 Mo. 1202, 274 S.W.2d 293, 296–297 (Mo. banc 1954). Although not articulating a definition of residence, the Court held venue was proper in the City of St. Louis. The inference is that venue was proper because the insurance corporation's "residence" was where it maintained said principal office for the transaction of business.

Also pertinent to deciding the issue before this Court is *State Farm Mut. Auto. Ins. Co. v. Ryan,* 766 S.W.2d 727 (Mo.App. 1989). Ryan was relied upon by Respondent, Judge Gallagher, primarily for the *Ryan* court's decision to dismiss for improper venue. *Id.* at 725. In *Ryan,* Relator State Farm Insurance Company sought a writ of prohibition against Respondent, Judge Ryan, prohibiting him from denying

a motion to quash or dismiss the petition for improper venue. *Id.* The underlying action in *Ryan* involved an automobile accident in which Plaintiff sustained personal injuries. *Id.* Plaintiff filed a petition in the Circuit Court of St. Louis County against Defendant State Farm Mutual Automobile Insurance Company and an individual defendant. *Id.* Venue as asserted in the petition is based upon State Farm doing business in the City of St. Louis and having an office and agent for the transaction of its regular business. *Id.* The *Ryan* court, in determining venue, applied the general venue statute, § 508.010, because one or more corporations were being sued together with one or more individuals. *Id.* The eastern district goes on to state that Missouri has long recognized that a foreign general business corporation licensed to do business in this state "resides" in the county where its registered office and registered agent is located. *Id.*

The *Ryan* court states that State Farm is an Illinois corporation licensed to do business in Missouri and is registered with the Division of Insurance, as required by § 375.906. *Ryan,* 766 S.W.2d at 729. The *Ryan* court asserts that, for purposes of service of process, this registration with the Division of Insurance, coupled with its appointment to receive service, is the functional equivalent of designating a registered agent on behalf of a foreign corporation. *Id.* The court recognizes that venue is not necessarily controlled by where service is obtained, *citing McNabb v. National Liberty Ins. Co. of America,* 239 Mo.App. 435, 188 S.W.2d 523, 525–26 (Mo. App.1945), and states that the facts of the case do not require the court to decide whether a foreign insurance company fixes its residence, for purposes of § 508.010, in Cole County by complying with the provisions set out by § 375.906. *Ryan,* 766 S.W.2d at 729.

On the issue of residence of a foreign insurance corporation for purposes of venue, the *Ryan* court notes: "It is not ... the 'residence' of an insurance company which usually allows the insurance company to be sued in numerous counties. Rather, it is the provisions of § 508.040 which allows corporations, including insurance companies, to be sued 'in any county where such corporation shall have or usually keep an office or agent for the transaction of their usual and customary business'." Under § 508.040, since insurance corporations usually have agents selling its policies in numerous counties, service may be obtained on a insurance company in any county where an agent sells those policies. *Id.* citing *State ex rel. Cameron Mut. Ins. Co. v. Reeves,* 727 S.W.2d 916, 918 (Mo.App. 1987).

The *Ryan* court made no determination as to where the foreign insurance corporation resided for venue purposes, but found that § 508.040 does not control residence under § 508.010 and, therefore, venue of a foreign insurance corporation is not in a county where it maintains an office or agent for their usual transaction of business. In *Ryan* the court held since the language of § 508.040 does not control, State Farm did not reside in St. Louis City under § 508.010(2).

*Riley,* 801 S.W.2d at 779, expands the *Ryan* case by holding that the insurer's designation of the Director of the Division of Insurance to receive service of process does not establish Cole County as the residence of an insurance corporation for venue purposes. *Id.* at 781. In *Riley,* the Plaintiff filed suit against several defendants, including Western Surety Company for the alleged mismanagement of plaintiff's father's estate. All defendants resided in Stoddard County and the estate was pending in Stoddard County. Western Surety was a foreign insurance corporation with no registered office in the state. The *Riley* court wrote "... if Western Surety is not considered a resident of Cole County, then venue would be limited to Stoddard County under the [factual] circumstances [of the case] ...," pursuant to § 508.010(3). *Id.*

Neither the *Riley* nor the *Ryan* court determine where a foreign insurance corporation's residence is established for venue purposes pursuant to § 508.010. The term "residence" is a legal term of art having different meanings resulting from the dif-

ferent circumstances in which it is applied. *Mayfield, supra*, appears to be the only case holding which establishes proper residence under § 508.010(2) as fixed for a foreign insurance corporation. The question now becomes whether the term "residence" as applied to foreign insurance corporations is limited to the holding of *Mayfield*. *Mayfield, supra*, stated residence, for the purpose of the facts of that particular case, to be where the principal business office was located.

In construing a statute, this Court may take into consideration statutes involving similar or related subject matter when such statutes shed light upon meaning of the statute being construed. *Weber v. Missouri State Highway Comm'n.*, 639 S.W.2d 825, 829 (Mo.1982). All consistent statutes relating to the same subject are in pari materia and are construed together as though constituting one act, whether adopted at different dates or separated by long or short intervals. *Curators of Central College v. Rose*, 182 S.W.2d 145, 150 (Mo.1944). Sections 508.010 and 508.040 are interrelated to the issue of venue and how it is obtained in Missouri. These statutes, therefore, are considered in "pari materia". Statutes are in pari materia when they relate to the same matter or subject. The rule of construction in such instances proceeds upon the supposition that the statutes in question are intended to be read consistently and harmoniously in their several parts and provisions. *Rothschild v. State Tax Commission of Missouri*, 762 S.W.2d 35, 37 (Mo. banc 1988).

This Court has previously applied the doctrine of pari materia to the venue statutes at issue here. As stated in *State ex rel. Baker v. Goodman*, 364 Mo. 1202, 274 S.W.2d 293, 296 (Mo. banc 1954) "[i]t is readily apparent that [§§ 508.010 and 508.-040] do not in express terms cover all possible situations likely to arise. Thus, there is no express provision fixing venue in cases where one or more corporations are sued with one or more individuals." The *Goodman* Court goes on to state that "[under the facts of the *Goodman* case] the two sections [§§ 508.010 and 508.040] should be construed in pari materia." *Goodman* 274 S.W.2d at 296–97.

As with foreign corporations, § 508.040 has long been held to apply to foreign insurance companies when sued individually. *Cameron*, 727 S.W.2d at 916. In *Cameron*, venue was held to be proper under § 508.040 in a county where there is an insurance agent who transacts the insurance company's usual and customary business. *Cameron*, 727 S.W.2d at 918.

Accordingly, this Court holds the language of § 508.040, finding that venue established for a foreign insurance corporation lies "in any county where such corporations shall have or usually keep an office or agent for the transaction of their usual and customary business", to be persuasive in determining the definition of "residence" of a foreign insurance corporation, pursuant to § 508.010.

In considering the precedent for defining the "residence" of a foreign insurance corporation, in cases ranging from *Mayfield, supra*, holding that venue for a foreign insurance corporation can be in any county where the foreign insurance corporation maintained a principal office for the transaction of business; to *Ryan* and *Riley, supra*, both cases declining to address the question of residence as it pertains to foreign insurance corporations pursuant to § 508.010(2), it becomes apparent that a definition is warranted. In determining the intention of the legislature, the Court also recognizes it is desirable to arrive at a result where venue is applied more uniformly so that a myriad of venue rules do not exist contributing to and encouraging litigation relating to venue problems. Thus, in determining a definition of "residence" for our purposes, this Court looks to the rules of statutory construction for construing related statutes in pari materia.

The previous Missouri Supreme Court decision in *Mayfield, supra*, fixing the residence of a foreign insurance corporation in any county where the corporation maintains a principal office for the transaction of business is persuasive to determining a definition of venue for foreign insurance corporations pursuant to § 508.010. This

Court utilizes the language of § 508.040 and determines the definition of residence for venue purposes of a foreign insurance corporation under § 508.010 to be "... in any county where such corporations shall have or usually keep an office or agent for the transaction of their usual and customary business."

■ Upon the determination that residence of a foreign insurance corporation for purposes of § 508.010(2) is any county where said corporation maintains an agent or office for the transaction of its regular business, the case of *Cameron*, 727 S.W.2d at 916, provides guidance as to the definition of the term "agent" when referring to an insurance corporation. *Cameron* examines the question of venue pursuant to § 508.040 when a foreign insurance corporation is the sole defendant. In the underlying action in *Cameron*, plaintiff sued Relator Cameron Mutual Insurance Company seeking to recover under the uninsured motorist provision of an insurance policy issued by them. *Cameron*, 727 S.W.2d at 917. Venue as set forth in the petition was based upon § 508.040, contending that relator "has, and usually maintains, an office and agent for the transaction of its usual and customary business in Pemiscot County, Missouri." *Id.* The cause of action did not accrue in Pemiscot County and, therefore, venue would be proper in Pemiscot County only if relator has or usually keeps an office or agent for the transaction of its customary business. *Id.*

■ The court's decision turned upon the definition of the term "agent" for venue purposes pursuant to § 508.040. The *Cameron* court stated that "'agent', as used in § 508.040 is not defined in the same way it is in service of process cases" but, rather, for venue purposes means a "person authorized by another to act for him, one intrusted [sic] with another's business." *Id.* at 918. As for insurance agents specifically, the court states that "one who is employed under an agreement to accomplish results on behalf of his principal whom he represents [is an insurance agent for venue purposes under § 508.040]...." *Id.* The court then went on to hold that

Cameron Mutual Insurance Company did have an agent in Pemiscot County conducting its usual and customary business (selling insurance contracts), and, therefore, venue was proper in Pemiscot County, pursuant to § 508.040. In keeping with the principles enunciated by the court in *Cameron*, it is only logical to construe that under § 508.010, "residence" of a foreign insurance corporation is in any county where a foreign insurance corporation has or usually keeps an office or agent for the transaction of their usual and customary business; i.e., the selling of insurance policies.

To the extent that the decision of *Ryan, supra,* conflicts with this ruling in its holding that a foreign insurance corporation does not reside in any county where it usually keeps an office or agent for the transaction of its usual and customary business, *Ryan* is disapproved.

Thus, venue is proper in the City of St. Louis, Missouri, where State Farm maintains an agent and office for the transaction of their usual and customary business.

For the foregoing reasons, this Court issues its peremptory writ in mandamus and orders Respondent, the Honorable James J. Gallagher, to vacate and set aside his order of September 5, 1990, quashing and dismissing relator's petition, said cause to be reinstated for a determination on the merits.

ROBERTSON, C.J., RENDLEN, COVINGTON, HOLSTEIN and BLACKMAR, JJ., and HIGGINS, Senior Judge, concur.

BENTON, J., not participating because not a member of the Court when case was submitted.